# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CR-182-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL T. RAND, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Counts Six Through Eleven" (doc. 44) filed July 1, 2011 and "Government's Opposition to Defendant's Motion to Dismiss" (doc. 49) filed July 15, 2011.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2010, Defendant was indicted by the Grand Jury in the Western District of North Carolina. The Indictment is a detailed twenty-nine page "speaking indictment." The Indictment charges Defendant with eleven counts and details Defendant's role in the offenses. Specifically, Defendant is charged with being a member of two conspiracies engaged in accounting fraud, engaging in a scheme to commit securities fraud during the period of the accounting fraud conspiracies, two specific counts of making false statements to banks, and six obstruction related counts. Defendant was arraigned on August 24, 2010. Defendant proposed a trial date of October 2011 to which the Government agreed. The parties then filed a joint Motion requesting a

preemptory trial setting of October 2011, which the Court granted on December 6, 2010. Trial is scheduled to begin on October 3, 2011.

## II. DISCUSSION

Federal Rule of Criminal Procedure 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The Supreme Court has stated that:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'

Hamling v. United States, 418 U.S. 87, 117 (1974)(internal citations omitted). Federal Rule of Criminal Procedure 12(b)(3)(B) permits a defendant to move for dismissal pre-trial (or at any time while the case is pending) if an indictment fails to state an offense. Fed.R.Crim.P. 12(b)(3)(B).

Specifically, the indictment must meet two requirements. United States v. Hayes, 775 F.2d 1279, 1282 (4th Cir.1985). First, it "must charge all the essential elements of a criminal offense and sufficiently apprise the defendant of what he must be prepared to meet so he will not be misled while preparing his defense." Id. Second, the indictment "must protect the defendant against later prosecution for the same offense." Id. "[W]hen an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and a conviction under the indictment may not stand...." United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir.1988).

In testing the sufficiency of an indictment, the statement of facts controls the inquiry, not the statutory citations for the underlying offenses. United States v. Hooker, 841 F.2d 1225, 1227 (4th

Cir.1988). "[E]very ingredient of crime must be charged in the bill, a general reference to the provisions of the statute being insufficient." Id. at 1228 (quoting Hale v. United States, 89 F.2d 578, 579 (4th Cir.1937)). Generally, an indictment is sufficient if it alleges an offense in the words of the statute, as long as the words used in the indictment "'fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.'" United States v. Brandon, 298 F.3d 307, 310 (4th Cir.2002) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). Moreover, each count of an indictment must itself be legally sufficient. Hooker, 841 F.2d at 1230–31. Thus, a missing element from a challenged count cannot be borrowed from another count if it is not incorporated by reference. Id. at 1231. Nonetheless, the determination of an indictment's validity is based on practical not technical concerns. United States v. Matzkin, 14 F.3d 1014, 1019 (4th Cir.1994).

"[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000)(citing United States v. Knox, 396 U.S. 77, 83 n.7 (1969)). At this stage, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the offense charged. United States v. Sampson, 371 U.S.75, 78-79 (1962).

Defendant argues that with regard to each of the obstruction counts of the Indictment (Counts Six to Eleven) the allegations are either too vague to put Defendant on notice of the factual basis for the allegations, or contain allegations that are not sufficient to set forth an offense. Doc. 44 at 4.

The Government responds that Defendant's Motion simply complains that the allegations do not set forth every detail of the Government's evidence and legal theories. Doc. 49 at 1-2.

3

Having reviewed the Indictment and applicable legal standards, the Court concludes that Defendant's arguments are not persuasive. The Court finds that Defendant's Motion goes to the sufficiency of the Government's evidence as opposed to the sufficiency of the Indictment. Defendant claims to attack the sufficiency of the allegations in the Indictment but his Motion does not identify a single element omitted in any offense charged or any lack of notice of the charges. The Indictment is a very detailed, twenty-nine page "speaking indictment." In Counts Six through Eleven, each count sets forth in significant detail a separate charge for obstruction of justice. Additionally, each count incorporates and re-alleges other very detailed paragraphs of the Indictment which set forth the essential facts constituting the relevant offense. Each charge clearly alleges every element of the offense and apprises Defendant of the nature of the charge.

With regard to Defendant's argument that Count Six, Obstruction of Justice under 18 U.S.C. § 1512(c)(1), and Count Eleven, Obstruction of Official Proceeding under 18 U.S.C. § 1512(c)(2), must be dismissed because they "require[] a definitive and discernable nexus between the defendant's conduct and a specific official proceeding" (doc. 44 at 5), the Court disagrees. Numerous courts have held that while the Government must prove a "nexus" between the defendant's conduct and an official proceeding at trial, the Indictment need not allege any such nexus. See, e.g., United States v. Ring, 628 F. Supp. 2d 195, 223-24 (D.D.C. 2009)(denying motion to dismiss charge under 18 U.S.C. § 1512(c)(2) for failure to plead the requisite "nexus"); United States v. Black, 469 F. Supp. 2d 513, 542-44 (N.D. Ill. 2006)(denying motion to dismiss charge under 18 U.S.C. § 1512(c) for failure to allege a "nexus"); United States v. Triumph Capital Group, Inc., 260 F. Supp. 2d 470, 475 (D. Conn. 2003) (holding that the nexus requirement [with regard to 18 U.S.C. § 1503] need not be alleged in the indictment); United States v. Gabriel, 920 F. Supp. 498, 500-01 (S.D. N.Y. 1996) (holding that the indictment need not allege a "nexus" in asserting a

violation of 18 U.S.C. § 1512).

With regard to Defendant's argument that Count Six, Obstruction of Justice under 18 U.S.C. § 1512(c)(1), must be dismissed because of lack of venue over one of the two "official proceedings" specifically delineated in that Count, and because Count Six "us[es] the disjunctive 'or'" (doc. 44 at 7), the Court also disagrees. The Indictment alleges in the conjunctive: "to wit, the proceeding of the Federal Grand Jury sitting in the Western District of North Carolina *and* the above-referenced proceeding arising out of the federal securities fraud complaint." Doc. 3 at 23 (emphasis added). Additionally, as this Court recognized in United States v. Varnado,

> If a defendant challenges venue prior to trial in a motion to dismiss, a court may only consider the indictment. The truth of the allegations is presumed and a defendant may not challenge a facially valid indictment on the ground that it is not supported by adequate evidence, or that it fails to indicate which specific acts were committed in the district. . . . The Court does not have the authority to look behind the indictment to consider whether sufficient evidence supports the charges. Thus, the general allegations of venue are sufficient until trial when the government will bear the burden to prove venue by a preponderance of the evidence.

No. 06-415, 2007 WL 2973846, at *1-2 (W.D. N.C. 2007)(citations omitted); see also United States v. Hsia, 24 F.Supp.2d 14, 22 (D. D.C. 1998) (rejecting argument that "the government must allege venue separately for each of the two objects of the conspiracy"). Count Six is properly alleged to have occurred in the Western District of North Carolina.

Defendant's contends that Count Eight, Misleading Conduct to Hinder Investigation under 18 U.S.C. § 1512(b)(3), is subsumed under Count Nine, Misleading Conduct to Hinder Investigation under 18 U.S.C. § 1512(b)(3), and is multiplicitous. Doc. 44 at 9-12. Multiplicity occurs when "each act in a series of *identical* acts [is charged] as though it were a separate crime" or when "'the charging of a single offense [is done] in several counts.'" United States v. Allen, 13 F.3d 105, 107 (4th Cir.1993)(internal quotation omitted) (emphasis added).

5

Count Eight alleges misleading conduct on June 15, 2007, as a result of specific statements made that day, while Count Nine alleges misleading conduct eleven days later, on June 26, 2007, for *different* -- albeit related -- statements made that day. Paragraph 53 is realleged in Count Nine simply to provide context. Count Nine is clear that what is charged is what occurred on June 26, 2007. Since each of the Counts will require different proof, there is no issue of multiplicity. See United States v. Jameson, 972 F.2d 343 (Table), 1992 WL 180146, *10 (4th Cir. 1992) ("Where false statements are made in distinct and separate documents requiring different proof as to each statement, the filing of each false document constitutes a crime, and each filing may be alleged in a separate count of the indictment.").

Defendant argues that Count Eleven, Obstruction of Official Proceeding under 18 U.S.C. § 1512(c)(2), should be dismissed because (1) "[t]his paragraph is also multiplicitous"; (2) there is a "fragile relationship between Rand's conduct and any official proceeding" (3) this Count is duplicitous; and (4) there is no venue with regard to the federal securities fraud complaint. Doc. 44 at 15-16. As discussed above, with regard to Count Six, Defendant's second and fourth arguments find no support in law or fact, and are rejected by the Court.

Additionally, Defendant's multiplicity argument fails. Defendant argues that "[t]his paragraph is also multiplicitous with the previous counts in that it realleges the exact same facts (¶¶ 41-56) and again alleges that this amounted to obstruction of justice…" Id. The Fourth Circuit has stated, "[i]t has long been established that a defendant may be tried, convicted and sentenced for two separate offenses, even though he committed a single act." Allen, 13 F.3d at 108. The issue is whether the elements of each offense require proof of some fact that the other does not. United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005)(citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). Count Eleven is not multiplicative.

Finally, Defendant's duplicity argument fails. "[D]uplicity is 'the joining in a single count of two or more distinct and separate offenses.'" United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal citation omitted). As the Fourth Circuit has explained,

> [T]wo or more acts, each of which would constitute an offense standing alone and which therefore could be charged as separate counts of an indictment, may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme. Moreover, a duplicitous count is not to be dismissed unless it causes prejudice to the defendant. Where the indictment fairly interpreted alleges a continuing course of conduct, during a discrete period of time, the indictment is not prejudicially duplicitous.

United States v. Kamalu, 298 F. App'x. 251, 254 (4th Cir. 2008) (internal citations omitted). Count Eleven charges that Defendant obstructed an official proceeding in violation of 18 U.S.C. § 1512(c)(2) "*through the entire course of conduct alleged above in paragraphs 41 through 56*". Doc. 3 at 28 (emphasis added). This is permissible under Fourth Circuit law. Moreover, Defendant has failed to allege any prejudice from this purportedly duplicitous count.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Defendant's "Motion to Dismiss Counts Six Through Eleven" (doc. 44) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: July 26, 2011

David S. Cayer
United States Magistrate Judge