# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CR-182-RJC-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| MICHAEL T. RAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Transfer of Venue (and Memorandum in Support)" (doc. 51) filed July 18, 2011 and "Government's Opposition to Defendant's Motion for Transfer of Venue" (doc. 52) filed July 20, 2011.

Having fully considered the arguments, the record, and the applicable authority, the Court **DENIES** Defendant's Motion for Transfer of Venue, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2010, Defendant was indicted by the Grand Jury in the Western District of North Carolina. Defendant is charged in Counts One through Three with accounting fraud in the Western District of North Carolina and elsewhere, in Count Four with defrauding Wachovia Bank involving a $35 million loan for a project on West Morehead Street in Charlotte, in Count Five with defrauding Wachovia and an employee in Charlotte regarding a several hundred million dollar line of credit, and in Counts Six through Eleven with obstructing the Grand Jury in the Western District of North Carolina, the Charlotte office of the FBI, and the U.S. Attorney's Office for the Western District of North Carolina.

Defendant was arraigned on the Indictment with current counsel on August 24, 2010.

Defendant proposed a trial date of October 2011 to which the Government agreed. The parties then filed a joint motion requesting a preemptory trial setting of October 2011, which the Court granted on December 6, 2010. In March 2011, the parties proposed a joint scheduling order, which the Court granted on April 26, 2011. Doc. 35. Trial is set to begin on October 3, 2011, the date requested by Defendant.

## II. DISCUSSION

Rule 21(d) explicitly provides that "[a] motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe." Defendant was arraigned eleven (11) months ago. Therefore, the motion was not "made at or before arraignment." No rule allows Defendant to file a motion at this late stage, nor has this Court "prescribe[d]" such a time. Accordingly, the motion is untimely.

The Fourth Circuit has made clear that the timeliness of a motion to transfer is of the utmost importance. In Shurin v. United States, the Fourth Circuit held that allowing a motion to transfer at a late date "would not have been an exercise but an abuse of discretion." 164 F.2d 566, 570 (4th Cir. 1947)(considering language identical to Rule 21(d) in predecessor Rule 21(b)). In so holding, the Court noted that "it appears that defendant delayed making [the transfer motion] for more than a year after the indictment had been found against him and until after the case had twice been set for trial in the Middle District of North Carolina by consent of his counsel, and that no reason for removal was given based upon anything that had occurred in the meantime." Id. Defendant's motion for transfer was not "based upon anything that had occurred in the meantime." Id.

Likewise, in United States v. Espinoza, the Fourth Circuit cited Cagnina v. United States, 223 F.2d 149 (5th Cir. 1955), as a case where "a motion to transfer, filed many weeks after arraignment and not until about a week before trial, was made too late." Espinoza, 641 F.2d 153,

161 (4th Cir. 1981). In Cagnina, the Fifth Circuit cited then-Rule 22, now Rule 21(d), that such a motion may be made "at or before arraignment or at such other time as the court or these rules may prescribe," and found that, like Defendant here, the defendant had "not shown that any later time for filing was permitted by the court or by any rule, and we think Rule 22 is controlling. The trial court thus has discretion to deny any motion coming long after arraignment, as this one did." Cagnina v. United States, 223 F.2d 149, 154 (5th Cir. 1955).

Defendant argues that the Government chose to prosecute an Atlanta case in Charlotte and that the balance of convenience overwhelmingly favors transferring venue to the Northern District of Georgia, Atlanta Division. Doc. 51 at 1. Defendant points to the facts that

> Mr. Rand and his family live in Atlanta. Beazer's corporate headquarters and "nerve center" is in Atlanta. Virtually all of the actions that give rise to this case took place in Atlanta, while few such events transpired in Charlotte. None of the witnesses disclosed by the government live in Charlotte, while many of them live in Atlanta. Defense counsel and many potential defense witnesses also live in Atlanta.

Id. Most of this was certainly known by Defendant at or before the time of his arraignment.

The Court finds that Defendant's Motion is clearly untimely pursuant to Rule 21(b) and that the Motion identifies no relevant changed circumstances in the eleven (11) months since arraignment. Consequently, Defendant's Motion for Transfer of Venue is **DENIED.**

### III. ORDER

**FOR THE FOREGOING REASONS**, the "Defendant's Motion for Transfer of Venue" (doc. 51) filed July 18, 2011 is **DENIED**.

The Clerk is directed to send copies of this Order to counsel to the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: July 29, 2011

David S. Cayer
United States Magistrate Judge