UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL T. RAND, )<br>   Defendant. )<br>) | CASE NO. 3:10-CR-182 |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM & RECOMMENDATION DENYING MOTION TO DISMISS COUNTS SIX THROUGH ELEVEN**

In his initial Motion to Dismiss Counts Six Through Eleven (Doc. 44), defendant Michael T. Rand ("Rand") argued that these counts, all of which charge various forms of obstruction of justice, failed in different respects to properly allege a crime. The government's response, as well as the Magistrate's Report and Recommendation, reject Rand's argument on the basis that a mere recitation of the elements of the offense charged is all that is required. As noted in Defendant's initial Motion to Dismiss, however, an indictment must also be accompanied by a statement of facts and circumstances that serves to inform the accused of the specific offense and the manner in which it was committed. *United States v. Bobo*, 344 F.3d 1076 (11th Cir. 2003); *United States v. Kingrea*, 573 F.3d 186, 191-92 (4th Cir. 2009); *United States v. Pupo*, 841 F.2d 1235 (4th Cir. 1988); *United States v.*

*Hooker*, 841 F.2d 1225 (4th Cir. 1988). Merely reciting facts and identifying a criminal offense is not sufficient if the recitation of facts does not, in and of itself, show that the crime was committed.

When an indictment alleges that the defendant obstructed justice, the indictment must allege with specificity the proceeding, or investigation that was obstructed and must adequately allege that the defendant *knew* the proceeding that he allegedly obstructed and that his *intent* was to obstruct that proceeding. *United States v. Sunia*, 643 F.Supp.2d 51 (D.D.C. 2009); *United States v. Stevens*, 771 F.Supp. 2d 556, 2011 WL1033707 (D. Md. 2011).

Throughout its response, the government complains that the defendant's sole argument was that there was insufficient proof that the crime was committed. The defense does not seek "proof" in the indictment. What is necessary, however, is a clear definition of the proceeding that was allegedly obstructed, as well as the method by which the defendant's actual conduct was intended to obstruct, or impede that proceeding.

Rand's principal argument regarding the deficiency of the indictment focused on the failure to specifically allege the manner in which his conduct actually obstructed (or was intended to obstruct) a specific proceeding. (Doc 44, page 4, *et seq*.). Throughout the indictment, Rand is charged with engaging in certain conduct (deleting emails, speaking with a witness, talking to Audit

2

Committee investigators), allegedly with the intention of obstructing one or more proceeding, including a federal grand jury investigation, an SEC investigation, and a federal class action lawsuit (Counts 6 through 11). With regard to each of the counts, however, there is a lack of specificity regarding the nexus between Rand's conduct and the proceeding. Thus, for example, in Count 6, the indictment alleges that he deleted thousands of emails after a grand jury subpoena was received, yet, the indictment only identifies five emails, and of those five, only two had even a tangential relationship to the topic identified in the grand jury subpoena.

In addition, with regard to Count 6, the indictment offers the jury the option of convicting the defendant if his conduct of deleting emails impacted the civil class action lawsuit, even though this was filed in another district (thus there would be no venue for an obstruction of justice prosecution in the Western District of North Carolina).

The allegations in Count 7 (alleging a violation of 18 U.S.C. § 1519) fail to identify what the scope of the FBI investigation was. Because the indictment does not define the FBI investigation that was allegedly obstructed, there is no meaningful way to determine whether the deletion of an email was intended to, or did, in fact, obstruct the investigation. As the *Stevens* court held several months ago, in order to be guilty of a § 1519 offense, the defendant must have intentionally deleted emails (or destroyed a document) with the intent to violate the law by

3

impeding the investigation. Yet, the indictment does not define the FBI investigation's scope that is allegedly the "target" of Rand's obstruction.

Counts 8, 9 and 10, address statements that Rand made to Audit Committee investigators, as well as a potential witness. Count 8 fails to allege what "federal offense" was the focus of Rand's alleged obstruction. As the initial Motion argued (Doc. 44, page 10-11), absent an allegation regarding the federal offense that Rand was attempting to obstruct, the jury will have no anchor to evaluate whether the supposed misrepresentation was obstructive.

Rand also argued in his initial Motion that the Counts are multiplicitous, because the same conduct is alleged to be the *actus reus* of three different counts (8, 9 and 11). *See* Doc. 44, p 10, 11, 15). The Magistrate rejected this argument, as well.

## CONCLUSION

In his initial Motion to Dismiss, Rand argued that the Obstruction of Justice Counts of the indictment (Counts 8 – 11), fail to set forth sufficient facts to support the charges. The Magistrate's Report and Recommendation suggests that nothing more is needed to support an indictment than the recitation of the statute that is alleged to have been violated and a recitation of facts that explains the government's method of proving its case. Here, however, the recitation of facts is

4

not sufficient to demonstrate that Rand's conduct was intended to obstruct a specific, identified investigation or federal offense.

Respectfully submitted, this the 15th day of August, 2011.

/s/ *Stephen D. Councill*
Stephen D. Councill, Esq.
Georgia Bar No. 190358

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia 30303
Phone: (404) 522-4700
Facsimile: (404) 525-2224

/s/ *Edward T.M. Garland*
Edward T.M. Garland, Esq.
Georgia Bar No. 284900
*/s/ Donald F. Samuel*
Donald F. Samuel, Esq.
Georgia Bar No. 624475

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: (404) 262-2225
Facsimile: (404) 365-5041

*Counsel for Defendant Michael T. Rand*

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|                              |   |                       |
|------------------------------|---|-----------------------|
| UNITED STATES OF AMERICA,    | ) |                       |
|    Plaintiff,                | ) |                       |
|                              | ) |                       |
| v.                           | ) | CASE NO. 3:10-CR-182  |
|                              | ) |                       |
| MICHAEL T. RAND,             | ) |                       |
|    Defendant.                | ) |                       |
|                              | ) |                       |

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing *DEFENDANT'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM & RECOMMENDATION DENYING MOTION TO DISMISS COUNTS SIX THROUGH ELEVEN* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 15th day of August, 2011.

> /s/ *Donald F. Samuel*
> Donald F. Samuel, Esq.
> Georgia Bar No. 624475

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, GA 30305
Phone: 404-262-2225
Fax: 404-365-5041

6