UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CR-182 |
| | ) | |
| MICHAEL T. RAND, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT MICHAEL RAND'S<br>REQUESTED JURY INSTRUCTIONS</u>

<u>Reasonable Doubt</u>

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify]. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Pattern Crim. Jury Instr. 5th Cir. 1.05 (2001), Pattern Crim. Jury Instr. 5th Cir. 1.05 (2001)

## Count One – 18 U.S.C. §371

Count One of the indictment charges that from in or about 2000 through in or about 2007 in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the Defendant, Michael Rand, came to some type of agreement or understanding to commit offenses against the United States, or agency thereof, namely:

1) To commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5;

2) To make and cause to be made false and misleading statements to Beazer's auditors and accountants, in violation of Title 15, United States Code, Section 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2;

3) To circumvent Beazer's internal accounting controls in violation of Title 15, United States Code, Sections 78m(b)(5) and 78ff; and

4) To falsify books, records, and accounts of Beazer, in violation of Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(5) and 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-1;

and then acted to achieve the goal(s) of the alleged conspiracy or agreement or understanding in that one of its members thereafter *[describe overt act or acts]*.


*Note the overt acts are described on pages 15-18 of the Indictment.

2 Fed. Jury Prac. & Instr. § 31:01 (6th ed.)

3

<u>Conspiracy</u>

Section 371 of Title 18 of the United States Code provides, in part, that:

"If two or more persons conspire either to commit any offense against the United States,

or to defraud the United States, or any agency thereof … and one or more of such persons

do any act to effect the object of the conspiracy, …"

an offense against the United States has been committed.


2 Fed. Jury Prac. & Instr. § 31:02 (6th ed.)

4

<u>Conspiracy</u>

In order to sustain its burden of proof for the crime of conspiracy to commit securities fraud; to make and cause to be made false and misleading statements to Beazer's auditors and accountants; to circumvent Beazer's internal accounting controls; and to falsify books, records, and accounts of Beazer as charged in Count One of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding to commit securities fraud; to make and cause to be made false and misleading statements to Beazer's auditors and accountants; to circumvent Beazer's internal accounting controls; and to falsify books, records, and accounts of Beazer as described in the indictment, was formed, reached, or entered into by two or more persons;

*Two:* At some time during the existence or life of the conspiracy, agreement, or understanding, Defendant, Michael Rand, knew the purpose(s) of the agreement; and

*Three:* With knowledge of the purpose(s) of the conspiracy, agreement, or understanding, Defendant, Michael Rand, then deliberately joined the conspiracy, agreement, or understanding; and

*Four:* At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.

2 Fed. Jury Prac. & Instr. § 31:03 (6th ed.)

## Conspiracy

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action as alleged in Count One of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit Defendant of the charge contained in Count One of the indictment.

Modified Version of 2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.)

6

## Conspiracy

Before the jury may find that Defendant Rand, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that Defendant Rand knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

In this connection, I further instruct you that if Mr. Rand's reason for suggesting that reserves should be increased or decreased was not done with fraudulent intent, or to falsify the books and records of Beazer there would be no conspiracy to violate these laws, even if various divisional employees believed that there was no legitimate justification for altering the reserve numbers.

Modified version of 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.)

## Acts and Declarations of Alleged Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of Defendant Rand, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal[s].

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against Defendant Rand beyond a reasonable doubt.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant Rand and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

2 Fed. Jury Prac. & Instr. § 31:06 (6th ed.)

## Overt Acts

In order to sustain its burden of proof under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

2 Fed. Jury Prac. & Instr. § 31:07 (6th ed.)

## Single or Multiple Conspiracies

Count One of the indictment charges that defendant knowingly and deliberately entered into a conspiracy to commit securities fraud; to make and cause to be made false and misleading statements to Beazer's auditors and accountants; to circumvent Beazer's internal accounting controls; and to falsify books, records, and accounts of Beazer.

In order to sustain its burden of proof for this charge, the government must show that the single overall conspiracy alleged in Count One of the indictment existed. Proof of separate or independent conspiracies is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case, you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement. In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goal(s) or objective(s) shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places. In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other alleged members of the conspiracy nor need it establish that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 10 of 50

Even if the evidence in the case shows that Defendant was a member of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit Defendant of this charge.

Unless the government proves the existence of the single overarching conspiracy described in the indictment beyond a reasonable doubt, you must acquit Defendant Rand of this charge.

2 Fed. Jury Prac. & Instr. § 31:09 (6th ed.)

<u>Count Two – Description of Offense</u>

Count Two of the indictment charges that from at least in or about 2000 through in or about 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the Defendant knowingly devised schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and thereafter used a wire communication facility in interstate commerce in order to execute the schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 12 of 50

## Conspiracy to Commit [Mail] Fraud 18 U.S.C. § 1349

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of mail fraud.

As I have already explained in connection with Count One, a "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud or wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.

Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Pattern Crim. Jury Instr. 11th Cir. OI 54 (2010)

The objects of the conspiracy that is alleged in Count Two of the indictment is wire fraud and mail fraud. I will now define for you the offense of mail and wire fraud.

In order to sustain its burden of proof for the crime of using the mails to further a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises as charged in Count Two of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One: Defendant knowingly devised schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises as detailed in Count Two of the indictment (and as summarized later in these instructions);

Two: The schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises were material, that is, it would reasonably influence a person to part with money or property;

Three: Defendant did so with the intent to defraud; and

Four: In advancing, or furthering, or carrying out these schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, Defendant used the mails or caused the mails, and private and commercial interstate carriers to be used.

2A Fed. Jury Prac. & Instr. § 47:03 (5th ed.)

The use of the United States mails or an interstate carrier is an essential element of the offense of mail fraud as charged in Count 2 of the indictment.

The government is not required to prove that the defendant actually mailed anything or that the defendant even intended that the mails would be used to further, or to advance, or to carry out the schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

The government must prove beyond a reasonable doubt, however, that the mails or an interstate carrier were, in fact, used in some manner to further, or to advance, or to carry out the schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises. The government must also prove that the use of the mails or the interstate carrier would follow in the ordinary course of business or events or that the use of the mails or the interstate carrier by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item itself mailed was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the mails or use of the interstate carrier furthered, or advanced, or carried out, in some way, the schemes and artifices to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

2A Fed. Jury Prac. & Instr. § 47:04 (5th ed.)

## Count Three – Description of Offense

Count Three of the indictment charges that from at least in or about 2000 through in or about 2007 in the Western District of North Carolina, Defendant Michael Rand, in connection with the purchase or sale of Beazer securities, by use of means and instrumentalities of interstate commerce and the mails, with the intent to defraud, willfully employed a devise, scheme, or artifice to defraud, willfully made any untrue statements of a material fact, or willfully omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading, and willfully engaged in a transaction or course of business which operated or would operate as a fraud and deceit on any person.

2B Fed. Jury Prac. & Instr. § 62:05 (5th ed.)

## Securities Fraud

Section 78j(b) of Title 15 of the United States Code provides, in part, that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(b) To use or employ, in connection with the purchase or sale of any security … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe …

Rule 10b-5 of the Securities and Exchange Commission (17 C.F.R. Section 240.10b-5) provides that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Section 78ff(a) of Title 15 of the United States Code provides, in part, that:

Any person who willfully violates any provision of this title … or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this title, or any person who willfully and knowingly

18

makes, or causes to be made, any statement in any application, report, or document required to be filed under this title or any rule or regulation thereunder … which statement was false or misleading with respect to any material fact" is guilty of the offense charged in the indictment.

2B Fed. Jury Prac. & Instr. § 62:06 (5th ed.)

<u>Securities Fraud – elements of the offense</u>

In order to sustain its burden of proof for the crime of securities fraud as charged in Count Three of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One: Defendant knowingly either employed any device, scheme, or artifice to defraud as detailed in Count Three of the indictment, or made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading as detailed in Count Three of the indictment or engaged in a transaction, practice, or course of business which operated or would operate as a fraud and deceit on any person as detailed in Count Three of the indictment.

Two: Defendant did so in connection with the purchase or sale of the securities described in Count Three of the indictment;

Three: In connection with this purchase or sale Defendant made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, and

Four: Defendant acted with the intent to defraud.


2B Fed. Jury Prac. & Instr. § 62:07 (5th ed.)

**"The use of any means or instrumentality of interstate commerce or of the mails, or of any national securities exchange"—Defined**

"The use of any means or instrumentality of interstate commerce or of the mails, or of any national securities exchange" is an essential element of the crime of securities fraud as charged in Count Three of the indictment.

The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating … [to such trade or commerce] among the several states …"

This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that Defendant personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme. It is sufficient for the government to prove that the defendant set forces in motion which foreseeably resulted in such use.

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

2B Fed. Jury Prac. & Instr. § 62:08 (5th ed.)

**"Any manipulative or deceptive device or contrivance"—Defined**

"Manipulation" is a term of art in the securities industry and means to intend to defraud an investor by artificially affecting market activity. "Manipulation" includes the deliberate omission of a material fact with the knowledge that the omission makes the facts, as represented, false.

"Deception" is also a term of art in the securities industry and means to defraud by deliberately making an affirmative misstatement of a material fact.

A "device" is simply an invention, or contrivance, or the result of some plan or design.

As used in this statute in connection with the purchase or sale of a security, then, a "manipulative or deceptive device" means the formation of some invention, contrivance, plan, or design to trick or deceive, either by a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact.

2B Fed. Jury Prac. & Instr. § 62:09 (5th ed.)

## "A fraud or deceit upon any person"—Defined

The phrase "A fraud or deceit upon any person" means, simply, a lie or a trick.

The government may meet its burden in showing "a fraud or deceit upon any person" if it proves beyond a reasonable doubt that the fraud or deceit employed was of a kind which would cause reasonable investors to rely and that some purchasers or sellers did rely.

The "fraud or deceit" itself need not concern the quality of an investment or actually result in the purchase or sale of any securities. The individuals alleged to be involved in the fraud or deceit need not have sold or purchased securities themselves as long as the fraudulent or deceitful conduct operated against some person. The government is not required to prove that the "fraud or deceit" was successful.

The government is required to prove beyond a reasonable doubt, however, that a "fraud or deceit upon any person" was operated in connection with the purchase or sale of a security.

2B Fed. Jury Prac. & Instr. § 62:10 (5th ed.)

**"In connection with the purchase or sale of any security"—Defined**

Count Three of the indictment alleges certain types of fraudulent conduct "in connection with the purchase or sale of any security." The government must prove beyond a reasonable doubt, therefore, that there were purchases or sales of securities and that the "fraud or deceit" described in the indictment had some relationship to or was connected with these sales or purchases.

The government need not show, however, that Defendant Michael Rand, or anyone associated with him, bought or sold the securities in question.

2B Fed. Jury Prac. & Instr. § 62:11 (5th ed.)

## "Device, scheme, or artifice to defraud"—Defined

A "device" is an invention, a contrivance, or the result of some plan or design.

A "scheme" is a design or a plan formed to accomplish some purpose.

An "artifice" is an ingenious contrivance or plan of some kind.

There is nothing about the terms "device," "scheme," or "artifice" which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

2B Fed. Jury Prac. & Instr. § 62:13 (5th ed.)

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 25 of 50

## Materiality—Defined

If you should decide that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

In order for you to find a "material" fact or a "material" omission, the government must prove beyond a reasonable doubt that the fact misstated or the fact omitted was of such importance that it could reasonably be expected to cause or to induce a person to act [to invest] or to cause or to induce a person [not to act][not to invest].

The securities fraud statute under which Count of the indictment is brought is concerned only with such "material" misstatements or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

2B Fed. Jury Prac. & Instr. § 62:14 (5th ed.)

## Materiality—Defined

If you should decide that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

In order for you to find a "material" fact or a "material" omission, the government must prove beyond a reasonable doubt that the fact misstated or the fact omitted was of such importance to Beazer's financial well-being that it could reasonably be expected to cause or to induce a reasonable person to invest or not to invest. In other words, a fact is material if there is a substantial likelihood that a reasonable shareholder would consider the fact's statement or omission—and nothing but the statement or omission of the fact—important in deciding how to act.

The securities fraud statute under which Count Three of the indictment is brought is concerned only with such "material" misstatements or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

See Greenhouse v. MCG Capital Corp., 392 F.3d 650, 656-57 (4th Cir. 2004) (holding that securities laws "decidedly do not prohibit any misrepresentation—no matter how willful, objectionable, or flatly false—of immaterial facts, even if it induces reactions from investors that, in hindsight or otherwise, might make the misrepresentation appear material); 2B Fed. Jury Prac. & Instr. § 62:14 (5th ed.).

## Fraud, fraudulent intent, and good faith—Defined

The words "fraud," "fraudulent," or "defrauding" mean to trick, deceive, injure, or damage in some way.

A statement which is untrue or a representation which is false rises to the level of "fraud" when the person making it knew the statement to be untrue or knew the representations to be false at the time that the statement or representation was made.

A statement which is untrue or a representation which is false may also rise to the level of "fraud" when the person making the statement or making the representation is acting with the intent to trick, deceive, injure, or damage or is making the statement or representation with reckless indifference to its truth, accuracy, or falsity.

If you find that the evidence has established beyond a reasonable doubt that Defendant acted with a fraudulent intent, or said another way, an intent to defraud, it is unimportant whether the defendant was successful and accomplished the plan or was unsuccessful and did not accomplish it. It is not necessary for the government to prove that anybody was actually defrauded or that a defendant actually profited by any fraudulent transaction.

On the other hand, even though some individual may have lost money in the transactions shown by the evidence, this does not rise to the level of fraud unless the evidence establishes beyond a reasonable doubt that the transaction was designed and intended by the defendant to deceive, or trick, or injure, or damage.

An honest belief or "good faith" belief by the defendant that the statements or representations made were true is a complete and total defense to the charge of securities

28

fraud in the indictment because such an honest or "good faith" belief is absolutely inconsistent with a fraudulent intent.

If the jury has a reasonable doubt as to whether Defendant acted with an intent to defraud or acted in good faith, the jury must acquit the defendant.

2B Fed. Jury Prac. & Instr. § 62:15 (5th ed.)

## Counts Four and Five – 18 U.S.C. §1014

**False Statement to a Bank**

Title 18, United States Code, Section 1014, makes it a crime for anyone knowingly to make a false statement to a federally insured bank for the purpose of influencing the bank to make a loan.

For you to find the defendant guilty of the offenses charged in Counts Four and Five of the Indictment, you must be convinced that the government has proved as to each count, each of the following beyond a reasonable doubt:

*First:* That the defendant made a false statement to Wachovia Bank";

*Second:* That the defendant knew the statement was false when the defendant made it;

*Third:* That the defendant did so for the purpose of obtaining a loan for use by Beazer in the "West Morehead Project (Count Four) or the for the purpose of maintaining Beazer's syndicated line of credit (Count Five); and

*Fourth:* That Wachovia Bank was federally insured.

It is not necessary, however, to prove that Wachovia Bank was, in fact, influenced or misled. What must be proven is that the defendant intended to influence the lending decision of the bank by the false statement.

A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement. In other words, the government is required to prove beyond a reasonable doubt that Defendant Rand *knew* that the information provided to Wachovia Bank was false, or contained false information.

2A Fed. Jury Prac. & Instr. § 40:13 (5th ed.)

**The nature of the offense charged**

Count Six of the indictment charges that from on or about March 23, 2007, through on or about March 30, 2007, within the Western District of North Carolina, and elsewhere, Defendant Michael Rand corruptly altered, destroyed, and concealed, and attempt to alter, destroy and conceal, records, documents, and other objects, with the intent to impair their availability for use in an official proceeding, to wit, the proceeding of the Federal Grand jury sitting in the Western District of North Carolina.

Modified from 2A Fed. Jury Prac. & Instr. § 49:01 (5th ed.)

**The statute defining the offense charged**

Section 1512(c)(1) of Title 18 of the United States Code provides, in part, that:

Whoever corruptly alters, destroys, or conceals a record, document, or other

objection, or attempts to do so, with the intent to impair the object's availability for use in

an official proceeding . . .

shall be guilty of an offense against the United States.

Modified from 2A Fed. Jury Prac. & Instr. § 49:02 (5th ed.)

**The essential elements of the offense charged**

In order to sustain its burden of proof for the crime obstruction of justice as charged in Count Six of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

*One*: Defendant altered, destroyed, or concealed, or attempted to alter, destroy, or conceal, records, documents and other objects;

*Two*: That such alteration, destruction or concealment, or the attempt, was done corruptly; and

*Three*: Defendant did so intending to impair their availability for use in the proceeding of the Federal Grand Jury sitting in the Western District of North Carolina.

18 U.S.C. §1512(c)(1)

**Definition of "Corruptly"**

Corruptly means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

18 U.S.C. §1515(b)

## "Official proceeding"—Defined

The term "official proceeding" means a proceeding before a judge or court of the

United States, a United States magistrate, a bankruptcy judge, or a federal grand jury.

2A Fed. Jury Prac. & Instr. § 49:06 (5th ed.)

## Count Seven – 18 U.S.C. §1519

**Nature of the offense charged**

Count Seven of the Indictment charges that from on or about March 23, 2007 through on or about March 30, 2007, within the Western District of North Carolina, and elsewhere, the defendant Michael Rand, knowingly altered, destroyed, mutilated, concealed, or covered up records and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of any department and agency of the United States, namely, the above-referenced investigations by the FBI, the Federal Grand Jury for the Western District of North Carolina, and the United States Attorney's Office, and in relation to and contemplation of such matter.

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 37 of 50

**Statute defining the offense charged**

Title 18, United States Code, Section 1519 provides in pertinent part:

Whoever knowingly alters, destroys, mutilates, conceals, or covers up . . . any record or

document with the intent to impede, obstruct, or influence the investigation or proper

administration of any matter within the jurisdiction of any department or agency of the

United States, or in relation to or contemplation of any such matter or case shall be guilty

of an offense against the United States.

18 U.S.C. §1519.

**Elements of the offense charged**

In order to establish the offense charged in Count Seven of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

*First*: The defendant knowingly altered, destroyed, mutilated, concealed or covered up records or documents;

*Second*: The defendant did so with the intent to impede, obstruct, or influence the investigation or proper administration; and

*Third*: That the matter was within the jurisdiction of any department or agency of the United States, that is, an investigation by the FBI, the Federal Grand Jury for the Western District of North Carolina, or the United States Attorney's Office.

18 U.S.C. §1519

## "Knowingly" defined

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 40 of 50

## Count Eight, Nine and Ten – 18 U.S.C. § 1512(b)(3)

**The nature of the offense charged**

Counts Eight, Nine and Ten of the indictment charges that on or about June 15, 2007, within the Western District of North Carolina, and elsewhere, the defendant Michael Rand, knowingly and corruptly engaged in misleading conduct towards another person with the intent to hinder, delay, and prevent the communication of information to federal law enforcement officers, to wit, the FBI Office in Charlotte, North Carolina, and the United States Attorney's Office for the Western District of North Carolina, relating to the possible commission of a federal offense.

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 41 of 50

**The statute defining the offense charged**

Section 1512(b)(3) of Title 18 of the United States Code provides, in part, that:

Whoever knowingly and corruptly engages in misleading conduct towards another person with intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the possible commission of a federal offense . . .

shall be guilty of an offense against the United States.

18 U.S.C. §1512(b)(3)

## The essential elements of the offense charged

In order to sustain its burden of proof for the crime obstruction of justice as charged in Counts Eight, Nine and Ten of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

*One*: Defendant knowingly and corruptly engaged in misleading conduct towards another person;

*Two*: The defendant did so with the intent to hinder, delay or prevent the communication of information to the FBI Office in Charlotte, North Carolina and the United States Attorney's Office; and

*Three*: The information related to the possible commission of a federal offense.

18 U.S.C. §1512(b)(3).

## Count Eleven – 18 U.S.C. §1512(c)(2)

### The nature of the offense charged

Count Eleven of the indictment charges that in or about 2007, within the Western District of North Carolina, and elsewhere, the defendant Michael Rand, through the entire course of conduct alleged in (refer to paragraphs 41 through 56), did corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede, an official proceeding, to wit, the proceeding of the Federal Grand Jury sitting in the Western District of North Carolina.

**The statute defining the offense charged**

Section 1512(c)(2) of Title 18 of the United States Code provides, in part, that:

Whoever corruptly otherwise obstructs, influences, or impedes any official proceeding shall be guilty of an offense against the United States.

18 U.S.C. §1512(c)(2)

**The essential elements of the offense charged**

In order to sustain its burden of proof for the crime obstruction of justice as charged in Count Eleven of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

*One*: Defendant obstructed, influenced or impeded the proceeding of the Federal Grand Jury sitting in the Western District or North Carolina or the above-referenced proceeding arising out of the federal securities fraud complaint; and

*Two*: The defendant did so corruptly.

18 U.S.C. §1512(c)(2)

## The good faith defense

The good faith of Defendant is a complete defense to the charges of the indictment because good faith on the part of the defendant is, simply, inconsistent with a finding of knowingly and willfully [concealing or covering up] [making false, fictitious or fraudulent statements] [making or using any false writing or document] as alleged in that charge.

A person who acts on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of knowledge and wilfulness required by the statute.

These laws are intended to subject to criminal punishment only those people who knowingly and willfully attempt to deceive. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties.

In determining whether or not the government has proven that Defendant acted in good faith or acted knowingly and willfully in [concealing or covering up] [making false, fictitious or fraudulent statements] [making or using any false writing or document], the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted

knowingly and willfully to [conceal or cover up] [make false, fictitious or fraudulent statements] [make or use any false writing or document].

If the evidence in the case leaves the jury with a reasonable doubt as to whether Defendant acted in good faith, the jury must acquit [him] [her].

2A Fed. Jury Prac. & Instr. § 40:16 (5th ed.)

Case 3:10-cr-00182-RJC-DSC   Document 95   Filed 09/26/11   Page 48 of 50

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CR-182 |
| | ) | |
| MICHAEL T. RAND, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing *Proposed Jury Instructions* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 26th day of September, 2011.

/s/ Donald F. Samuel
Donald F. Samuel, Esq.
Georgia Bar No. 624475

49

GARLAND, SAMUEL & LOEB, P.C.

3151 Maple Drive, N.E.

Atlanta, GA  30305

Phone: 404-262-2225

Fax:  404-365-5041