IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-182

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Objections (Doc. No. 64) to a magistrate judge's denial (Doc. No. 59: Order) of his Motion for Transfer of Venue (Doc. 51) and the government's response (Doc. No. 67).

Rule 59(a) of the Federal Rules of Criminal Procedure allows a district court to refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Here, the magistrate judge found that the defendant's motion was untimely and that the he had not alleged any changed circumstances to justify the late filing. (Doc. No. 59: Order at 3). Rule 21(d) of the Federal Rules of Criminal Procedure directs that a motion to transfer be filed at or before arraignment or at any other time the court or the rules prescribe. The joint proposed scheduling order adopted by the Court did not provide for the late filing of such a motion. (Doc. No. 34: Proposal; Doc. No. 35: Order). There is no dispute that the defendant filed the motion eleven months after arraignment and eight months after agreeing to a peremptory trial setting in Charlotte during the October 2011 term and less than three months before the trial date. Thus, the government had already subpoenaed numerous witnesses and prepared for trial in Charlotte before the filing of the motion. (Doc. No. 52: Response at 5).

The defendant points to two circumstances that changed over the eleven months. First, that discovery materials produced in June 2011 showed additional witnesses with connections to the Atlanta area. (Doc. No. 64: Objections at 3). This circumstance does not justify the late filing because the charges and background information alleged in the indictment have remained unchanged since August 2010; thus, the defendant could have anticipated the claim that witnesses with connections to Atlanta would be involved in the case. (Doc. No. 3: Indictment).

The second circumstance raised by the defendant is the expected delivery of a child to one of defense counsel.[1] (Doc. No. 64: Objections at 3). While the Court is sympathetic to the needs of parent-lawyers, at a hearing on September 27, 2011, it appeared to the Court that reasonable accommodations could be made allow counsel to participate meaningfully in both spheres. The Court denies the change of venue motion, makes no promises with respect to trial schedule other than to take counsel's interest into account in court scheduling decisions

Accordingly, the Court finds that the magistrate judge's ruling that the motion be denied as untimely was not contrary to law or clearly erroneous.

**IT IS, THEREFORE, ORDERED,** that the defendant's Objections to Magistrate's Order Denying His Motion for Transfer of Venue (Doc. No. 64) is DENIED.

---

[1] The defendant's prediction of the birth of two children during the trial mistakenly assumes this trial will last into December. (Doc. No. 64: Objections at 4).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: September 27, 2011

Robert J. Conrad, Jr.
Chief United States District Judge