IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-182

| UNITED STATES OF AMERICA | ) |  |
| --- | --- | --- |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| MICHAEL T. RAND | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on the defendant's Motion to Strike Surplusage from Indictment (Doc. No. 40), the government's Response (Doc. No. 48), and the defendant's reply (Doc. No. 56). For the reasons stated below, the Court **DENIES** the defendant's motion.

I. BACKGROUND

The defendant is charged with alleged manipulation of financial statements of Beazer Homes USA, Inc. and obstruction of federal investigations. (Doc. No. 3: Indictment). According to the government, one scheme involved skirting accounting rules and company policy to inflate revenue figures. (Id. at 2-6). Another involved "cookie jar accounting" where various accounts were falsely inflated or decreased resulting in the dissemination of inaccurate financial information about the company to investors and Wachovia Bank. (Id. at 6-7). The defendant is also charged with destroying records and giving false statements after he was allegedly aware of investigations by a federal grand jury and the Federal Bureau of Investigation. (Id. at 7-13). It appears that the government intends to introduce email messages allegedly written and deleted by the defendant to prove his intent to commit the various offenses. (Id. at 3, 9-10, 15-17, 23-24).

II.   DISCUSSION

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment may allege the means by which a defendant committed an offense. Id.  A court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). Although the term "surplusage" is not defined in the Rule 7, the Fourth Circuit has held that a court should only strike allegations where it is clear that they are not "relevant to the charge and are inflammatory and prejudicial. United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006). The test is conjunctive; thus, information that is prejudicial, yet relevant need not be struck, nor should information that is irrelevant but not prejudicial. United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) (cited with approval in Williams, 445 F.3d at 733-34). Additionally, an instruction to the jury that the indictment is not evidence militates against unfair prejudice. Williams, 445 F.3d at 734; United States v. Marshall, 985 F.2d 901, 906 (7th Cir. 1993).

Here, the defendant objects to the summary of accounting rules in paragraph 7 of page 2 of the indictment as overly simplistic, arguably wrong, and not a plain statement of fact.  There is nothing inflammatory about the indictment's language and it provides a brief explanation of a complex subject.  The Court will instruct the jury that the indictment is not evidence and that it must follow the legal instructions of the Court; therefore, the defendant has not shown any prejudice by the inclusion of that paragraph and.

The defendant objects to the recitation of the company's code of conduct and ethics in paragraph 9 of page 2 of the indictment.  As the company policy directs employees to follow generally accepted accounting principles, the Court finds that the company policy is relevant to

establishing the defendant's intent, if it is shown that he knowingly sought to avoid such principles.  There is nothing inflammatory or prejudicial in the language.

Next, the defendant objects to a footnote on page 3 of the indictment.  The Court finds that the historical information about Arthur Anderson and Enron provides context for alleged references to those entities by the defendant in an email messages.  The footnote does not suggest any connection between the investigation of the defendant and those entities; therefore, the defendant has not shown that the language is inflammatory or prejudicial.

The defendant objects to phrases preceding examples in paragraph 47 on page 10 and paragraph 63 on page 15.  In context, the phrases do not suggest the existence of other uncharged criminal activity of the defendant.  Page 10 recounts some of the email messages allegedly deleted by the defendant, but does not purport to be an exhaustive list.  Page 15 details alleged overt acts, but the government may lawfully attempt to prove others at trial.  Therefore, the Court finds that the language is relevant and neither inflammatory nor prejudicial.

Next, the defendant objects to the reference to the loss to Wachovia Bank in paragraph 74 on page 21.  The Court expects that the jury selection process will screen out any juror with a financial interest in Wachovia; therefore, the loss information is not inflammatory.  Further, the Court finds that the loss information may tend to reflect the defendant's intent in allegedly providing false financial statements used in the loan-application process during the defendant's employment.  Therefore, such information is relevant. Finally the loss amount tends to establish materiality of the statements at issue.

The defendant also objects to the use of the term "cookie jar accounting."  From the government's response, the Court expects evidence to be presented regarding the accepted use of

3

that slang term to describe a fraudulent accounting practice. There is nothing inflammatory or prejudicial about the term.

The defendant objects to references in paragraph 44 on page 8 to certain articles reporting the Beazer investigation. The government must prove the defendant's knowledge of the investigation in relation to the obstruction charges. Even if the evidence at trial does not show that the defendant was informed by these sources, their inclusion in the indictment is neither inflammatory nor prejudicial.

Finally the defendant objects to the reference to email messages allegedly deleted by the defendant related to the cookie jar accounting scheme in paragraph 47 on page 3. Because the cookie jar accounting scheme is one of the alleged fraudulent practices, any destruction of records would relate both to intent to commit the substantive crime and to obstruct its investigation. Therefore, the information relevant.

Additionally, the Court intends to instruct the jury that an indictment is not evidence; therefore, there will be no prejudice to the defendant by the inclusion of the challenged language.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Strike Surplusage in the Indictment (Doc. No. 18) is **DENIED**.

Signed: September 27, 2011

Robert J. Conrad, Jr.
Chief United States District Judge