IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-182

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |
| | ) | |

**THIS MATTER** is before the Court upon objections of the defendant (Doc. No. 60) to a magistrate judge's denial (Doc. No. 53: Order) of his Request for Bill of Particulars (Doc. 41) and the government's response (Doc. No. 62).

Rule 59(a) of the Federal Rules of Criminal Procedure allows a district court to refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Here, the defendant claims the magistrate judge applied the wrong legal standard to his request for a bill of particulars. He asserts that the magistrate judge merely found that the indictment advised the defendant of the charges, rather than finding it provided sufficient information to enable the preparation of a defense. (Doc. No. 60: Objections at 2). However, the Court finds that the magistrate judge applied the correct legal standard and rendered a decision consistent with that standard.

The magistrate judge detailed that "[a] bill of particulars is provided 'to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offenses.'" (Doc. No. 53: Order at 2

(quoting United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973)). After reviewing specific information in this case, the magistrate judge concluded that the speaking indictment and open-file discovery "sufficiently advise Defendant of the charges he must be prepared to defend at trial." (Id. at 3). Read in context, this conclusion incorporates the correct legal standard in determining that the defendant had sufficient information to prepare for trial.

Additionally, the defendant points to the eight years covered by the indictment and the millions of financial entries as creating too wide a field for him to defend and the volume of discovery as burying him with paper. (Doc. No. 60: Objections at 8, 21). However, the government responds that within the open-file discovery are 515 pages of witness interviews and 56 pages of the defendant's interview which detail the transactions alleged to be fraudulent. (Doc. No. 62: Response at 2-3). The government also provided its exhibit list with copies of documents to be introduced at a hearing on September 27, 2011, two weeks before trial. That manageable amount of information, disclosed in advance of trial, is sufficient to enable the defendant to prepare for trial. Thus, the Court finds that the magistrate judge's ruling that a bill of particulars is not required was not clearly erroneous. United States v. Allen's Moving and Storage, Inc., No. 90-5824, 936 F.2d 567, at *5 (4th Cir. 2001) (unpublished) (citing Glasser v. United States, 315 U.S. 60, 66 (1974))(specific details of alleged scheme may be provided in discovery).

**IT IS, THEREFORE, ORDERED,** that the defendant's Objections to Magistrate's Order Denying His Request for Bill of Particulars (Doc. No. 60) is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: September 27, 2011

Robert J. Conrad, Jr.
Chief United States District Judge