IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10CR182-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL T. RAND, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Application for Early Issuance of Rule 17(c) Subpoenas" (Doc. 69) filed August 23, 2011 and "Government's Response to Defendant's Application for Early Issuance of Rule 17(c) Subpoena" (Doc. 70) filed August 24, 2011.

On September 23, 2011, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Having fully considered the arguments, the record, and the applicable authority, the Court finds that the Defendant's Motion should be **DENIED**, as discussed below.

Defendant is charged with participating in two conspiracies engaged in accounting fraud, engaging in a scheme to commit securities fraud during the period of the accounting fraud conspiracies, two counts of making false statements to banks, and six obstruction related counts. In the instant Application, Defendant requests the issuance of subpoenas duces tecum in advance of trial and at the earliest moment pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

Rule 17 of the Federal Rules of Criminal Procedure addresses subpoenas in criminal cases. Rule 17(c)(1) states, "A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the

1

designated items in court before trial or before they are to be offered in evidence."

The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). In United States v. Nixon, 418 U.S. 638 (1974), the Supreme Court adopted a test requiring that

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition."

418 U.S. at 699-700. The Supreme Court noted that a subpoena duces tecum "was not intended to provide a means of discovery for criminal cases." Id. at 699.

It appears to the Court that Defendant is seeking these subpoenas as a supplementary means of discovery or investigative tool. In its response, the Government represents that it has produced a significant amount of the material Defendant seeks here as part of its expanded file discovery. If the evidence sought pursuant the subpoenas is exculpatory, the Government is required by Rule 16 to disclose that evidence to Defendant.

**IT IS THEREFORE ORDERED** that Defendant's "Application for Early Issuance of Rule 17(c) Subpoenas" (Doc. 69) filed August 23, 2011 be **DENIED**.

**SO ORDERED.**

Signed: September 27, 2011

David S. Cayer
United States Magistrate Judge

2