IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-182

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant to strike certain exhibits introduced during the testimony of Aaron Philipp (Doc. No. 122) and the government's response (Doc. No. 127).

While the parties couch their arguments in terms of whether Philipp should have been allowed to offer opinion testimony (Doc. No. 122: Motion at 1-3; Doc. No. 127: Response at 1), the gravamen of the defendant's complaint is that there was insufficient proof to establish the reliability of the files restored from backup tapes on which Philipp performed his analysis (Doc. No. 122: Motion at 2-3 ("Philipp's testimony concerning Tape Analysis Exhibits was not based on his personal knowledge.").[1] The Court previously ruled that the government had laid a proper foundation for the admission of the email messages extracted from backup tapes. (Trial Tr. at 409). The arguments in the instant motion do not alter the Court's decision.

---

[1] The defendant lists numerous exhibits in the Motion to Strike. (Doc. No. 122 at 1). However, the defendant's argument about the reliability of the backup tape files only applies to the government's Exhibit 37 and sub-parts and Exhibit 36 and sub-parts, which were assembled, in whole or in part, with email messages extracted from the backup tapes. (Trial Tr. at 380, 384-85, 395). Exhibit 38 and sub-parts were assembled with email messages Philipp personally extracted from the "dumpster" on Beazer's email server. (Trial Tr. at 373). The defendant has not attacked that process in the instant motion.

The United States Court of Appeals for the Fourth Circuit has articulated the test for admitting evidence as follows:

> To establish that evidence is authentic, a proponent need only present "evidence sufficient to support a finding that the matter in question is what the proponent claims." Fed. R. Evid. 901(a). The factual determination of whether evidence is that which the proponent claims is ultimately reserved for the jury. The district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic. The burden to authenticate under Rule 901 is not high—only a prima facie showing is required.

United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009) (internal citations omitted). The Supreme Court has also held that not every person in the chain of custody must be called, but what testimony is introduced must be live. Melendez-Diaz v. Massachusetts, 129 S. Ct. 257, 2533 n.1 (2009). Thus, a "missing link" in the chain of custody is not fatal to the admission of evidence, "so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." United States v. Jones, 356 F.3d 529, 536 (4th Cir. 2004).

Here, the defendant claims a violation of the Confrontation Clause because Philipp allegedly had "*no* personal knowledge that the tapes were what he believed them to be." (Doc. No. 122: Motion at 3 (emphasis in original). This argument ignores Philipp's testimony about his personal actions to confirm the authenticity of the backup tapes. Philipp admitted that he did not collect the backup tapes from Beazer or perform the process to restore the relevant databases from them. (Trial Tr. at 408, 411). However, Philipp testified that he independently confirmed that he was analyzing Beazer's backup tapes made on March 23 and 30, 2007, by reading "header information" and "file listings" in the data. (Id. at 452-53). He used two industry-accepted computer forensic tools to compare the email messages present on the earlier tape with

those on the later tape. (Id. at 380). As a result of his own analysis, he testified about email messages removed from the defendant's electronic mailbox between those dates. (Id. at 381). There was no showing that the messages were not what they purported to be or that they had been altered in any material respect. Thus, the exhibits were properly authenticated and the defendant's Confrontation Clause right was not violated.

IT IS, THEREFORE, ORDERED, that the defendant's Motion to Strike (Doc. No. 122) is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the Attorney for the United States.

Signed: October 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge