IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-182

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL T. RAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the Government's motion to admit certain summary charts and testimony pursuant to Federal Rule of Evidence 611, (Doc. No. 123). For the reasons stated below, the Government's motion to admit Government Exhibits 1 and 7, in their current form, shall be **DENIED**.

The Government moves to admit certain summary charts and testimony pursuant to Federal Rule of Evidence 611. Rule 611(a) states:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

The Government states that, during the course of this trial, it has created and is offering for admission certain summary charts, exhibits and testimony. (Doc. 123 at 1). Some of the summary evidence "merely summarizes documentary evidence that has already been introduced into evidence, while others summarize[] witness testimony." (Id.). The Government contends that "[a]ll such evidence is based on evidence actually introduced during the trial, accurately reflects that evidence, and has been subjected to scrutiny and cross-examination by Defendant."

(Id.).

"It is well-established that a district court may admit summary testimony and summary charts, under Rule 611(a) of the Federal Rules of Evidence, if they will help the jury to better understand the evidence presented and to ascertain the truth." United States v. Nolberto Pena, 213 F.3d 634, 2000 WL 541087, at *3 (4th Cir. Apr. 27, 2000) (citing United States v. Johnson, 54 F.3d 1150, 1159 (4th Cir. 1995). In making this determination, "the length of the trial, the complexity of the case, and the accompanying confusion that a large number of witnesses and exhibits may generate for the jury" is considered. Johnson, 54 F.3d at 1159; see United States v. Loayza, 107 F.3d 257, 264 (4th Cir. 1997). "The possible prejudice to the defendant by allowing the summary chart into evidence must also be considered." Nolberto Pena, 2000 WL 541087, at *3 (citing Johnson, 54 F.3d at 1159). However, any such "prejudice may be dispelled by giving the defendant an opportunity to cross-examine the individual who prepared the chart. In addition, a cautionary jury instruction may be requested and given." Loayza, 107 F.3d at 264 (internal citation omitted).

In United States v. Nolberto Pena, the appellants challenged the district court's decision to admit into evidence a photographic chart depicting twenty-two purported participants in the conspiracy, including the appellants and their eleven co-defendants. 2000 WL 541087.

> The photographic chart objected to by the appellants was introduced by the government during its direct examination of an investigating FBI officer. The chart consisted of no information beyond the photographs of the twenty-two alleged participants in the drug organization, including appellants, with their names printed underneath. These persons were referred to frequently throughout the trial and the accuracy of the photographs, to which witnesses had testified, was not questioned. Rather, appellants took issue with the manner in which the photographs were arranged on the chart.

Nolberto Pena, 2000 WL 541087, at *3.

In overruling the appellants' objection to the admission of the chart, the Fourth Circuit noted that the jury would likely have difficulty keeping up with the large number of witnesses, parties, and other co-conspirators and, therefore, that the chart would aid the jury in the decisional process. <u>Nolberto Pena</u>, 2000 WL 541087, at *4 (<u>citing</u> <u>Johnson</u>, 54 F.3d at 1160 ("In light of the complex nature of the extended drug conspiracy and the large number of witnesses presented, we conclude that the summary chart likely helped the jury in sifting through the testimony in the case.")). Further, the summary was "consistent with the trial testimony" and the witnesses "were all available for cross-examination by defense counsel." <u>Id.</u>

Federal Rule of Evidence 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." However, "Rule 1006 summary charts are distinguishable from other charts and summaries that may be presented under Federal Rule of Evidence 611(a) to facilitate the presentation and comprehension of evidence already in the record." <u>United States v. Janati</u>, 374 F.3d 263, 273 (4th Cir. 2004). The Fourth Circuit explains:

> These 'pedagogical' devices are not evidence themselves, but are used merely to aid the jury in its understanding of the evidence that has already been admitted. Thus, pedagogical charts or summaries may include witnesses' conclusions or opinions, or they may reveal inferences drawn in a way that would assist the jury. But displaying such charts is always under the supervision of the district court under Rule 611(a), and in the end they are not admitted as evidence.

<u>Id.</u> (internal citations omitted).

The Sixth Circuit in <u>United States v. Bray</u> notes that "in appropriate circumstances not only may such pedagogical-device summaries be used as illustrative aids in the presentation of the evidence, but they may also be admitted into evidence even though not within the specific scope of Rule 1006. Such circumstances might be instances in which such pedagogical device is

so accurate and reliable a summary illustration or extrapolation of testimonial or other evidence in the case as to reliably assist the factfinder in understanding the evidence, although not within the specific requirements of Rule 1006." 139 F.3d 1104, 1111-12 (6th Cir. 1998). The court provides the following useful summary:

> (1) Primary-evidence summaries, . . . which summarize "voluminous writings, recordings, or photographs" that, because they are so voluminous, "cannot conveniently be examined in court." Fed.R.Evid. 1006. In this instance, the summary, and not the underlying documents, is the evidence to be considered by the factfinder.
>
> (2) Pedagogical-device summaries or illustrations, such as chalkboard drawings, graphs, calculations, or listings of data taken from the testimony of witnesses or documents in evidence, which are intended to summarize, clarify, or simplify testimonial or other evidence that has been admitted in the case, but which are not themselves admitted, instead being used only as an aid to the presentation and understanding of the evidence. For these the jury should be instructed that the summaries are not evidence and were used only as an illustrative aid.
>
> (3) Secondary-evidence summaries that are a combination of (1) and (2), in that they are not prepared entirely in compliance with Rule 1006 and yet are more than mere pedagogical devices designed to simplify and clarify other evidence in the case. *These secondary-evidence summaries are admitted in evidence not in lieu of the evidence they summarize but in addition thereto, because in the judgment of the trial court such summaries so accurately and reliably summarize complex or difficult evidence that is received in the case as to materially assist the jurors in better understanding the evidence.* In the unusual instance in which this third form of secondary evidence summary is admitted, the jury should be instructed that the summary is not independent evidence of its subject matter, and is only as valid and reliable as the underlying evidence it summarizes.

Bray, 139 F.3d at 1112 (internal citations omitted) (emphasis added). The First Circuit notes that the lines between summaries admitted under Rule 1006 and pedagogical aids pursuant to Rule 611(a) are "easily blurred." United States v. Milkiewicz, 470 F.3d 390, 397 (1st Cir. 2006). The court provides the following helpful insight:

> A summary that is admissible under Rule 1006 - and is thus most appropriately introduced under that rule - could properly be offered under Rule 611(a) if the supporting material has been admitted into evidence. Likewise, a chart that

originally was offered as a jury aid to assist with review of voluminous underlying documents already in evidence - and which accurately summarizes those documents - alternatively could be admitted under Rule 1006 if the court concluded that the supporting documents could not be examined conveniently in court. . . . Charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize and typically are substitutes in evidence for the voluminous originals. Consequently, they must fairly represent the underlying documents and be " 'accurate and nonprejudicial.'" . . .

By contrast, a pedagogical aid that is allowed under Rule 611(a) to illustrate or clarify a party's position . . .  may be less neutral in its presentation.  Record support is necessary because such devices tend to be more akin to argument than evidence, and may reflect to some extent, through captions or other organizational devices or descriptions, the inferences and conclusions drawn from the underlying evidence by the summary's proponent.  In some cases, however, such pedagogical devices may be sufficiently accurate and reliable that they, too, are admissible in evidence, even though they do not meet the specific requirements of Rule 1006.

United States v. Milkiewicz, 470 F.3d 390, 397-98 (1st Cir. 2006) (internal citations and quotations omitted); see also Janati, 374 F.3d at 273.

In the instant case, the Government's summary charts which accurately summarize complex or difficult evidence will be admitted.  See id.; United States v. Porter, 821 F.2d 968, 975 (4th Cir. 1987) (admitting summary charts which were "based upon and fairly represent[ed] competent evidence already before the jury" and which "did not add any evidence").  The Government's chronological summary, (Government Ex. 1), currently contains typed entries supported by exhibit numbers as well as handwritten entries.  The Defendant did not object contemporaneously when the Government asked the witness to initial the exhibit to confirm that the summary of her testimony was accurate.  (Trial Transcript Vol. II-A, 159 at lines 4-11; 257 at lines 4-9).  However, the Defendant now argues that the chronology should not have been admitted in its current form.  (Doc. No. 128 at 4).  The Defendant misconstrues a sentence in United States v. Wood, in which the Ninth Circuit stated that "charts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not

evidence themselves." 943 F.2d 1048, 1053 (9th Cir. 1991). The Fourth Circuit does not adhere

to such a rigid standard and often allows the admission of summaries of already admitted

evidence. <u>See, e.g.</u> <u>Johnson</u>, 54 F.3d at 1160; <u>Porter</u>, 821 F.2d at 975; <u>Dorta</u>, 783 F.2d at 1183.

The Defendant states that he "would not oppose the introduction of a version of the

government's timeline that includes the other relevant time entries . . . (the opening of the 4:19

hold notice and the two, later emails) and that does not include any signatures or handwriting."

(<u>Id.</u>). At this time, the Court is not inclined to instruct the Government to include entries

requested by the Defendant. If the Defendant chooses to create his own chronology of events,

the Court will consider its admission.

The chronology, (Government Ex. 1), collects complex evidence from numerous exhibits

and orders it in a fashion helpful to the factfinder. <u>See</u> <u>Bray</u>, 139 F.3d at 1112. However, in the

exhibit's current form, it will not be admitted. To be admitted, the Government must replace the

handwritten entries with a concise, accurate summary of the witnesses' testimony, citing the

witness as the source of such information. The Court will admit such exhibit if the Court finds

that the summary accurately and reliably summarizes the evidence. <u>See</u> <u>United States v. Dorta</u>,

783 F.2d 1179, 1183 (4th Cir. 1986) (approving of the admission of charts which accurately

summarized evidence already before the jury).

However, the Government's summary charts which merely restate witness testimony will

not be admitted. In particular, the Government's chart purporting to summarize Mike Brown's

testimony will not be admitted. (Government Ex. 7). This chart was created in counsel's own

handwriting and summarizes only one portion of one witness's testimony. The testimony that

the chart purports to summarize is not so complex or difficult that the jury needs a summary to

better understand the evidence. <u>See</u> <u>Bray</u>, 139 F.3d at 1112.

6

It is, therefore, **ORDERED**, that the Government's motion to admit Government Exhibits 1 and 7, in their current form, shall be **DENIED**.

Signed: October 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge