# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10CR182-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL T. RAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the "Motion to Quash or Modify Rule 17(c) Subpoena Issued to Non-Party Beazer Homes USA, Inc. for Computer Backup Tapes" (Doc. No. 253) filed March 7, 2014. The Court finds that some of the proposed modifications to the Rule17(c) subpoena are warranted.

IT IS THEREFORE ORDERED, that the Motion to Quash or Modify Rule 17(c) Subpoena Issued to Non-Party Beazer Homes USA, Inc. for Computer Backup Tapes (Doc. No. 253) is GRANTED IN PART, with the following modifications applied to the subpoena:

1. Beazer will provide the backup tapes identified in the February 19, 2014 Order to Brendan Sullivan of DiscoverTape Services and will provide an appropriate certification under the Federal Rules of Evidence that the tapes provided are the tapes called for by the February 20, 2014 subpoena. At the DiscoverTape facility in Atlanta, Georgia, Mr. Sullivan will create three copies of each of the original backup tapes received from Beazer and will certify whether the copies are complete and error-free. Mr. Sullivan will provide one set of the copies to Mr. Rand's expert (Anna Shelton of Trusted Data Solutions, LLC (TDS)), one set to the Government, and one set to Beazer. Mr. Sullivan will also provide Ms. Shelton, the Government, and Beazer with a copy of any error

1

log(s) associated with the creation of the copies of the backup tapes.

2. Upon the completion of the creation of the copies, Mr. Sullivan will return the original backup tapes to Beazer. Beazer will preserve the original backup tapes in a secure place in Atlanta until it is notified in writing by the Government or Rand that the case is closed (defined as final judgment or the exhaustion of any appeals, whichever is later).

3. At TDS's facility in New York City, TDS will extract Exchange Database (EDB) files containing Mr. Rand's electronic mail box from the tapes created in Step 1 and will export to disk Personal Storage (PST) files containing only emails from Mr. Rand's electronic mail box.

4. TDS will examine the information provided by Beazer without reading the content of any email. TDS may export or take screen shots of information, such as directory listings or information concerning the properties of the email in Mr. Rand's mailbox. TDS will provide a copy of any exported information or screen shots to Beazer. Beazer will notify counsel for Mr. Rand within forty-eight hours if it objects to TDS making such information available to counsel for Mr. Rand.

5. During Steps 1-4, a representative of Beazer may observe the work performed at the DiscoverTape Services and TDS facilities, which will take place during normal business hours (i.e., 9 a.m. to 6 p.m.), except for automated processes that may run overnight without supervision. Prior to DiscoverTape Services or TDS conducting any of the work described in Steps 1-4, Mr. Rand's counsel will provide twenty-four hour advance notice to Beazer so that Beazer may observe the work.

6. Once Steps 1-4 are complete, TDS will return the set of tapes provided to Ms. Shelton in Step 1 to the Beazer representative who will preserve them in a secure place in Atlanta until the case is closed. TDS will retain custody over the information from Mr. Rand's

electronic mail box extracted in Step 3 and any information exported or screen shots taken in Step 4 in order to perform additional analysis until the case is closed. After the PST files are created in Step 3, TDS will permanently remove and delete from its system and any temporary storage device all EDB files extracted during Step 3.

7. TDS will not provide the PST files to defense counsel. TDS may provide defense counsel with information extracted from the PST files, including directory listings and email metadata such as sender, recipients, subject, "is read," and the dates and times that each email was sent, received, last modified and deleted.

8. The backup tapes provided by Beazer in Step 1 and any copies of the entirety or portions of those tapes or their copies created in Steps 1-6 will be used only in connection with Mr. Rand's defense.

**SO ORDERED.**

Signed: March 24, 2014

David S. Cayer
United States Magistrate Judge