UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:10CR182-C |
| | ) | |
| v. | ) | **GOVERNMENT'S MOTION FOR A CONTINUANCE** |
| | ) | |
| MICHAEL T. RAND | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

NOW COMES the United States of America, by and through Jill W. Rose, Attorney for the United States, and hereby requests that pursuant to 18 U.S.C. §§ 3161(h)(3)(A) and 3161(h)(7)(A), the Court continue the June 2, 2014 trial in the above captioned matter until July 7, 2014, or any date thereafter.

**PRELIMINARY STATEMENT**

The United States has sought no continuance in this case until now. The United States was prepared to try the case as soon after Indictment was agreeable to Defendant. And similarly was prepared to retry the case as soon after the retrial order as was agreeable to Defendant. Nevertheless, the United States has repeatedly agreed, as a matter of professional courtesy, to each of the continuances Defendant has sought. Further, the United States worked with Defendant both with regard to the original trial and the retrial to find a mutually agreeable date to propose for preemptive setting of this multi-week trial.

The United States was prepared to try this case on April 28, 2014, and had scheduled other trials and immovable events around that trial date. Unfortunately, those trials and other scheduled events conflict with the Court's new June 2, 2014 trial date. Because this new June 2, 2014, trial date presents a number of scheduling conflicts for the United States, discussed *infra*,

1

the United States met and conferred with Defendant to determine whether Defendant would consent to a further continuance and the parties might be able to jointly propose an alternative preemptory setting to the Court. Defendant, however, would not agree to a continuance or an alternative date.

The United States, therefore, brings this motion to respectfully request the Court continue the date for the retrial until July 7, 2014 or any date thereafter.

## PROCEDURAL HISTORY

Defendant was indicted on August 18, 2010 and had his initial appearance on August 24, 2010. On August 27, 2010, docket call was set for October 7, 2010. On September 10, 2010, Defendant filed a motion to continue the time period to file discovery and other motions, noting that this was "an extremely complex multi-document case." The United States did not oppose Defendant's request. On September 30, 2010, Defendant filed a motion to continue the trial date and the time to file discovery motions. Again, the United States did not oppose. The Court granted Defendant's motion, continuing docket call from October 4, 2010 until December 6, 2010. At docket call on December 6, 2010, the Court continued the trial by agreement of the parties, preemptively setting it for October 3, 2011 – a date Defendant requested and to which the United States agreed. On September 9, 2011, the Court reset the trial to begin October 11, 2011.

Trial commenced October 11, 2011, with a verdict returned October 28, 2011.

On September 6, 2013, the Court granted Defendant's motion for a new trial due to juror misconduct, setting trial for October 7, 2013. The United States met and conferred with defense counsel as to the trial date, stating that the United States was prepared for trial on October 7, 2013. On September 16, 2013, Defendant filed a motion to continue the trial and to extend the

time to file pretrial motions, which the United States did not oppose. During further meet and confer communications, Defendant confirmed that he was retaining a new law firm as lead trial counsel, and as such sought a continuance until April. The United States agreed to Defendant's request to delay trial six months. As a result, the parties submitted a joint motion for scheduling order on October 1, 2013, requesting a preemptory setting on April 28, 2014. On October 7, 2014, this Court set the retrial to commence on April 28, 2014.

On March 27, 2014, the Court, on its own motion, continued the trial date from April 28, 2014 until June 2, 2014, due to the quantity of Defendant's filings. In light of the conflicts outlined *infra* the United States met and conferred with Defendant in hopes of reaching an agreement as to an alternative preemptory date to propose the Court. Defendant informed the United States that he opposes a continuance and requests a status conference to discuss scheduling.

## CONFLICTS

The United States has several conflicts in June 2014 that make the new trial date unworkable, and, therefore requests that the Court grant a brief continuance – the first sought by the United States. Such continuance is appropriate to ensure the presence of an essential witness, consistent with 18 U.S.C. § 3161(h)(3)(A), to ensure the continuity of counsel in this retrial, consistent with 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and to generally ensure that the ends of justice, which are served by a continuance here and outweigh the best interest of the public and the defendant's claimed interest in a trial thirty-six days earlier, after having sought delay after delay in quantities of months.

First, such continuance is necessary to ensure the continuity of counsel in this retrial. Undersigned counsel (AUSA Maria Vento) is also counsel for the United States in Case

3:12cr239, *United States v. Amini, et al.*, currently pending before Senior United States Judge Graham Mullen.  The *Amini* case is a RICO case in which twenty-six Defendants were charged for their role in a $75 million racketeering Enterprise over the course of seven years.  The Grand Jury returned a Superseding Indictment in that case in April 2013, months before the Order for a New Trial in this case.  Because of the number of Defendants, that trial was broken up into a series of trials, with two preemptively set for February and March of 2014. At the request of defense counsel, those cases were continued.

The undersigned told Judge Mullen of the April 28th peremptory setting in this case, and Judge Mullen, accommodating that preemptive trial date, continued the February and March trials until June 9, 2014 and June 23, 2014.  Thus, the Court's new June 2, 2014 trial date now conflicts with these preemptive settings, which were specifically scheduled around the then April 28, 2014 trial date this Court had set.  Thus, the United States respectfully requests that the Court grant this brief thirty-six day continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), finding that the ends of justice in ensuring the continuity of Government counsel outweigh the best interest of the public and the defendant in a speedy trial.

Second, such continuance is also necessary to ensure the availability of an essential witness.  The case agents, who have worked on this matter for many years scheduled numerous immovable events specifically around the April 28, 2014 trial date.  In particular, Special Agent Doug Curran, who has been working on the case for nearly seven years and is the agent who took the Defendant's confession, is unavailable from June 27 until July 6, 2014.  After the April 28, 2014 trial date was set, S/A Curran's sister's wedding date was set for June 28, 2014 in Texas.  This date was chosen by his sister, in large part because it was far enough after the April 28, 2014 trial date so as to ensure that S/A Curran would be able to attend.  As a result, S/A

Curran has spent more than $1,000 buying non-refundable plane tickets for a four day weekend to attend that wedding. Additionally, S/A Curran is a single father with joint custody of a young child. The separation agreement in place with the Court allows him to choose one week per summer in which he will have full custody of his son for purposes of a vacation. The remainder of the summer schedule is planned around the week of vacation, and that week cannot be changed without either the consent of both parties or a court order. Because of the April 28, 2014 trial date and his sister's wedding, S/A Curran's vacation with his son is scheduled for the week of June 30, 2014, including the weekend trip for his sister's wedding, travel to Atlanta, and for a long weekend with family friends from July 3-6, 2014. Special Agent Crecentia Gastos, the co-case agent who has been working on the case for many years, has prepaid nonrefundable plans to travel to the midwest from June 19 until July 24, 2014, for her parents' 40th Wedding Anniversary Celebration, as well as a pre-planned family vacation from July 3-6, 2014, to celebrate her grandparents 93rd birthdays.

     An essential witness is unavailable "whenever the whereabouts are known but his presence for trial cannot be obtained by due diligence." 18 U.S.C. § 3161(h)(3)(B). The Fourth Circuit has noted that "[t]he unavailability bar is not a high one; in one case, a witness's prior wedding and honeymoon plans rendered him unavailable." *See United States v. Saeku*, 436 Fed.Appx. 154, 161 (4th Cir. 2011). In *Saeku*, the Fourth Circuit affirmed a finding of "unavailability" where "two witnesses were 'scheduled to be out of the area,'" finding that "prior travel plans can render a witness unavailable." *See id*. Additionally, there can be no dispute that the case agents are material. In determining whether a witness is essential, the Fourth Circuit notes that a witness's testimony need not "be so important that conviction could not be obtained in its absence." *See id*. at 162 (citing cases from the Eleventh, Tenth, Third, Eighth, Seventh,

5

Second, and D.C. Circuits). Instead, the Fourth Circuit cites to the "well-crafted formation of the applicable rule" as articulated by the Eighth Circuit:

> [w]here a witness is unquestionably important, and the government has a good faith belief that it will use that witness's testimony at trial, that witness may be deemed 'essential' for purposes of the Speedy Trial Act. If, however, the witness's anticipated testimony will be merely cumulative, or substantially irrelevant, that witness should be deemed nonessential.

*See id.* (quoting *United States v. Eagle Hawk*, 815 F.2d 1213, 1218 (8th Cir. 1987). S/A Curran, despite being a case agent, is the agent who took the Defendant's confession. There is no doubt that his testimony as a "'witness is unquestionably important." And, there can be no legitimate argument that such testimony would be "merely cumulative [unless Defendant plans to confess again on the stand], or substantially irrelevant." Thus, the United States also requests the Court grant this brief thirty-six day continuance to ensure the availability of an essential witness pursuant to 18 U.S.C. § 3161(h)(3)(A).

Third, the ends of justice served by granting this brief thirty-six day continuance outweigh the best interest of the public and the defendant in a speedy trial. The public's best interest is served in allowing this case to be retried by the Assistant United States Attorney who investigated, organized, and tried the original case and by ensuring that the case agents who have investigated the case are available, as well as ensuring that the agent who took the Defendant's confession is available to testify. Nor can Defendant (who is not in custody) legitimately argue his interests are harmed by a thirty-six day delay, where he initially sought a trial date more than a year after Indictment and then requested a six month delay himself after the retrial order was entered. Thus, a continuance is also appropriate because the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Finally, as noted, Defendant has indicated he opposes this continuance, referring to unspecified witness issues and other issues in July. To the extent Defendant continues to oppose this motion, the United States asks that he identify what witness has the conflict and when such conflict exists. The United States, of course, remains willing to work with Defendant to jointly propose a trial date after July 7th that would accommodate Defendant's witness(es).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court continue the new trial date from June 2, 2014 until July 7, 2014, or any date thereafter.

RESPECTFULLY SUBMITTED this 4th day of April, 2014.

> JILL W. ROSE
> ATTORNEY FOR THE UNITED STATES
> PURSUANT TO 28 U.S.C. § 515
>
> **s/ Kurt W. Meyers**
> DC Bar Number: 490500
> **s/ Maria K. Vento**
> VA Bar Number: 45960
> Assistant United States Attorneys
> United States Attorney's Office
> 227 West Trade Street, Suite 1700
> Charlotte, North Carolina 28202
> Telephone: 704.344.6222
> Facsimile: 704.344.6629
> E-mail: Kurt.Meyers@usdoj.gov
>          Maria.Vento@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2014, the foregoing document was served electronically through ECF filing upon the defendant at the following addresses:

Brent Gurney, Esq.
Brent.Gurney@wilmerhale.com

Jeannie Rhee, Esq.
Jeannie.Rhee@wilmerhale.com

David Rudolph, Esq.
dsrudolph@rfw-law.com

Stephen D. Councill, Esq.
scouncill@rh-law.com

**/s/ Maria K. Vento**