UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 3:10-cr-00182-RJC |
| v. | ) | |
| | ) | **GOVERNMENT'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION *IN LIMINE*** |
| MICHAEL T. RAND | ) | **TO EXCLUDE TESTIMONY** |
| | ) | **IDENTIFYING ACCOUNTING** |
| | ) | **ENTRIES OR PRACTICES AS** |
| | ) | **"FRAUD" OR "FRAUDULENT' OR** |
| _____ | ) | **THAT DEFENDANT LIED** |

NOW COMES the United States of America, by and through Jill Westmoreland Rose, Attorney for the United States pursuant to 28 U.S.C. § 515, and hereby files this opposition to Defendant's motion *in limine* to exclude testimony identifying accounting entries or practices as "fraud" or "fraudulent" or that Defendant lied. (Doc. No. 267.)

**I.      Co-Conspirator Testimony as to the Fraud They Committed With Defendant Is Admissible.**

Defendant's motion fails to cite Fourth Circuit precedent (decided since the last trial), clearly on point.

In *United States v. Offill*, 666 F.3d 168 (4th Cir. 2011), the Fourth Circuit rejected arguments similar to those Defendant makes here. In particular, in *Offill*, the co-conspirator witnesses described their "own actions as 'fraudulent', 'securities manipulation,' and 'illegal'" and gave "their understandings of" various issues bearing on securities regulations. *See id*. at 177. The Fourth Circuit explicitly rejected Defendant's argument (at 1-2) that such testimony was impermissible opinion testimony. To the contrary, the Fourth Circuit held that (1) the lay opinion testimony rule "permits lay testimony relating to a defendant's hypothetical mental state;" (2) co-conspirator "testimony about the conspiracy's fraudulent nature and illegality

would be helpful to the jury because it shed light, based on [the co-conspirator's] personal knowledge of his own illegal conduct, on the nature and purpose of the conspiracy and [the defendant's] interaction with [the co-conspirator] in furthering its illegal aims;" and (3) co-conspirator testimony about their understanding of the various securities regulations "and the conspiracy's compliance with them . . ." was similarly relevant to the nature and illegality of the conspiracy." *See id.* at 177-78.  Thus, there can be no true dispute that under current Fourth Circuit law testimony from co-conspirator witnesses that accounting entries or practices represented "fraud" or were "fraudulent" is proper lay witness testimony.  Defendant's motion should be rejected.

Defendant's second argument appears to be that such testimony should be precluded based upon Rule 403 grounds.  Defendant is correct that the Court sustained Defendant's objection to the use of the terms "fraud" and "fraudulent" in the last trial on 403 grounds because of concern about "the loaded term of fraud being used in its legal sense" (Tr. at 1093).  Of course, as Defendant has pointed out numerous times in briefs, including this one, the Court is not bound by its previous decisions on issues such as this. The Government respectfully submits that, in light of the *Offill* decision, which the Fourth Circuit published after the first trial ended, this is the rare case in which the Court should reconsider its previous decision.  That is, the Fourth Circuit has now held that such testimony is admissible, specifically noting that with regard to the defendant's argument about witnesses "allegedly improper statements giving legal conclusions" that these statements were not only admissible, but it was "irrelevant" whether the witness's understanding was even "legally correct." *Id.* at 178.

Moreover, Defendant has not even attempted to meet his burden of showing that such evidence should be precluded in the retrial because it is likely to mislead or confuse the jury.  To

2

meet his burden, Defendant must establish that the danger of "confusing the issues" or "misleading the jury" substantially outweighs the probative value of the evidence. FED.R.EVID. 403. Notably, "[b]ecause the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).

Indeed, Defendant's entire 403 argument appears to conflate his argument that such testimony is improper lay opinion testimony (an argument flatly rejected by the Fourth Circuit, *see supra*) with an argument that such testimony should be rejected on 403 grounds because it could go to the "ultimate issue" or the "ultimate legal question." But the "ultimate issue" rule has long been abolished: "An opinion is not objectionable just because it embraces an ultimate issue." FED.R.EVID. 704. As the Advisory Committee Notes make clear "[t]he basic approach to opinions, lay and expert, in these rules is to admit them when helpful to the trier of fact. In order to render this approach fully effective and to allay any doubt on the subject, the so-called 'ultimate issue' rule is specifically abolished by the instant rule." FED.R.EVID.. 704, advisory committee notes. And, the Fourth Circuit has already held, in *Offill*, that such testimony is helpful to the trier of fact. *See supra*. Thus, Defendant's argument that such testimony should be precluded on 403 grounds because whether Defendant "committed fraud is an ultimate legal issue" and such testimony should be precluded because it "'would merely tell the jury what result to reach' on an ultimate issue (at 3) finds no basis in law, and should, therefore, be rejected.

Moreover, the portion of the Advisory Committee Rules from which Defendant quotes makes clear that the form of the question matters. For example, while it might not be proper to

3

ask a co-conspirator witness if Defendant committed fraud in violation of the Title 15 of the U.S.C. Code, it is proper to ask if the entries that co-conspirator made at the direction of Defendant were fraudulent or if such witness agreed with Defendant to make fraudulent entries. Thus, in light of intervening Fourth Circuit decision in *Offill*, Defendant's request for a blanket order precluding questioning regarding "fraud" or "fraudulent" accounting should be denied.

**II.      Witnesses Are Permitted To Testify That Defendant Lied.**

Defendant is charged with conspiring to make and cause to be made false and misleading statements to Beazer's auditors and accountants. Just as a shooting victim is permitted to testify that the Defendant shot him, the auditor is permitted to testify that Defendant lied to him. Indeed, it is hard to imagine what would be more relevant than that testimony. Likewise relevant is the testimony of other Beazer accountants, to whom Defendant lied in furtherance of his efforts to hide the side agreement from the auditors.

Recognizing the obvious relevance of such evidence, Defendant seeks its exclusion, again relying (incorrectly) upon the "ultimate issue" rule: "The government should be barred from eliciting such opinion testimony that calls for a legal conclusion on an ultimate issue under Federal Rule of Evidence 403 because it is likely to mislead or confuse the jury." (Br. at 5.) As discussed *supra*, the ultimate issue rule has been abolished, and for this reason alone, Defendant's argument can and should be rejected.

Moreover, hereto, Defendant fails to even attempt to meet his burden of establishing that such testimony will purportedly "mislead or confuse" the jury. As discussed *supra*, Defendant must establish that the probative value of such evidence – which is very high – is substantially outweighed by the risk of jury confusion or misleading the jury. Defendant has not and cannot do that. In short, there is no risk the jury will be misled or confused by testimony from the

4

auditor that Defendant lied to him. To the contrary, it is hard to imagine what testimony would be less confusing.[1]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions *in limine* to exclude testimony identifying accounting entries or practices as "fraud" or "fraudulent" or that Defendant lied be denied.

RESPECTFULLY SUBMITTED this 4th day of April, 2014.

JILL WESTMORELAND ROSE
ATTORNEY FOR THE UNITED STATES
PURSUANT TO 28 U.S.C. § 515

**s/ Kurt W. Meyers**
DC Bar Number: 490500
**s/ Maria K. Vento**
VA Bar Number: 45960
Assistant United States Attorneys
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202
Telephone: 704.344.6222
E-mail: Kurt.Meyers@usdoj.gov
          Maria.Vento@usdoj.gov

---

[1] Defendant's argument that such testimony calls for conclusions as to Defendant's state of mind likewise finds no support. The Government did not then, and does not intend to now, ask witnesses if Defendant intended to lie. And, the case he cites, *United States v. Curry*, 2013 WL 1120581 (D.Md. 2013), is easily distinguishable. There the prosecutor moved *in limine* to preclude testimony about "another witness' opinion that [the defendant's] beliefs about the tax law were in good faith." *See id*. at *8. And, the Court held that "a lay witness may not testify about the correctness of [the defendant's] opinions on the law," quoting a Seventh Circuit case that held "by nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances not present here." *See id*. (quoting *United States v. Hauert*, 40 F.3d 197, 202 (7th Cir. 1994). *Curry* is obviously inapposite.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2014, the foregoing document was served electronically through ECF filing upon Defendant at the following addresses:

David S. Rudolf, Esq.
dsrudolf@rwf-law.com

Brent J. Gurney, Esq.
Brent.gurney@wilmerhale.com

Stephen D. Councill, Esq.
scouncill@rh-law.com

**/s/ Maria K. Vento**