UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 3:10-cr-00182-RJC |
| v. | ) | |
| | ) | **GOVERNMENT'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION *IN LIMINE*** |
| MICHAEL T. RAND | ) | **TO EXCLUDE EVIDENCE OF THE** |
| | ) | **IMPORTANCE OF MANAGEMENT** |
| | ) | **INTEGRITY TO INVESTORS** |
| | ) | |
| | ) | |

NOW COMES the United States of America, by and through Jill Westmoreland Rose, Attorney for the United States pursuant to 28 U.S.C. § 515, and hereby files this opposition to Defendant's motion *in limine* to exclude evidence of the importance of management integrity to investors. (Doc. No. 270.)

Defendant's argument that evidence of management integrity to investors is irrelevant is belied by even a cursory review of the case law.

One of the items that the Government must prove to establish Defendant committed securities fraud is that Defendant "knowingly made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." *United States v. Ferguson*, 478 F. Supp. 2d 220, 233 (D. Conn. 2007) (listing elements); *United States v. Teyibo*, 877 F.Supp. 846, 861 (S.D.N.Y. 1995) (listing elements). The general test for materiality of a false statement or omission in the Fourth Circuit requires proof that there is a substantial likelihood that a reasonable investor would either (1) consider the fact important in deciding whether to buy or sell the security, or (2) would have viewed the total mix of information made available to be significantly altered by the fact. *See S.E.C. v. Pirate Investor LLC*, 580 F.3d 233, 240-41 (4th

Cir. 2009). Notably, the Fourth Circuit has been clear that "[a]s a general matter, courts should be wary when defendants focus on the size of revenues in an effort to minimize the materiality of misstatements of income or to suggest the defendant lacked motive to misstate income." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 184-85 (4th Cir. 2009) (citing *Crowell v. Ionics, Inc.,* 343 F.Supp.2d 1, 18 (D. Mass. 2004)) (characterizing the "focus on revenue" as "an old chestnut that securities fraud defendants frequently try on judges and juries").

The Second Circuit has explained that "whether an alleged misrepresentation or omission is material necessarily depends on all relevant circumstances of the particular case." *Ganino v. Citizens Utilities Co.,* 228 F.3d 154, 162 (2d Cir. 2000). "[A] court must consider both quantitative and qualitative factors in assessing an item's materiality, and that consideration should be undertaken in an integrative manner." *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 717 (2d Cir. 2011) (internal quotation omitted). The law is clear that as part of the assessment of determining whether there is materiality from a qualitative standpoint, one of the things that can and should be considered is the integrity of management. For example, the Eighth Circuit has recognized that management's role in misstatements is part of the total mix of information that "would probably be important to investors." *See Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829–30 (8th Cir. 2003); *United States v. Ferguson*, 553 F.Supp.2d 145, 153, 156 (D. Conn. 2008) ("While the intent of management does not render a misstatement material, it may provide significant evidence of materiality.") (quotation omitted).

The Courts of Appeals have also recognized that manipulations to hit consensus are relevant to materiality. *See S.E.C. v. Todd*, 642 F.3d 1207, 1225 (9th Cir. 2011) ("The misrepresentations were material because by including the transactions, Gateway was able to

meet analysts' expectations for the third quarter of 2000."). Indeed, the Second Circuit has repeatedly looked to SEC Staff Accounting Bulletin ("SAB") No. 99 to evaluate materiality. *See Ganino*, 228 F.3d at 163; *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) ("This Court has deemed SAB No. 99 to be persuasive authority."). Likewise, it has followed SAB 99 to recognize that relevant to materiality is whether "the misstatement hides a failure to meet analysts' consensus expectations for the enterprise." *See Ganino*, 228 F.3d at 163.

SAB 99 also explains the relevance to materiality of other factors important here, including "whether the misstatement masks a change in earnings or other trends," and "whether the misstatement involves concealment of an unlawful transaction." *See* 64 Fed. Reg. 45150, 45150–52 (Aug. 19, 1999), 1999 WL 1123073. Likewise, SAB 99 states that:

> While the intent of management does not render a misstatement material, it may provide significant evidence of materiality. The evidence may be particularly compelling where management has intentionally misstated items in the financial statements to "manage" reported earnings. In that instance, it presumably has done so believing that the resulting amounts and trends would be significant to users of the registrant's financial statements. The staff believes that investors generally would regard as significant a management practice to over-or under-state earnings up to an amount just short of a percentage threshold in order to "manage" earnings. Investors presumably also would regard as significant an accounting practice that, in essence, rendered all earnings figures subject to a management-directed margin of misstatement.

*Id.* at *4. *See Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 107 n.13 (D. Conn. 2010) ("SAB No. 99 further provides a non-exhaustive list of qualitative factors which can 'render material a quantitatively small misstatement [in] a financial statement.'").

In light of the foregoing, there can be no true dispute that evidence and argument as to the integrity of management is relevant to the issue of whether Defendant committed securities fraud. Nor can there be any true dispute that the testimony of the analysts and investors is

3

relevant to a determination of whether or not the Government has proven materiality of a false statement or omission.

Defendant's argument that "Fourth Circuit law forecloses the government from introducing evidence or argument about management integrity to satisfy the materiality standard" is belied by a review of sole case to which he cites. Indeed, there is no reasonable interpretation of the case Defendant cites, *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 656 (4th Cir. 2006), which supports that conclusion. *Greenhouse* stands for the undisputed proposition that all lies are not material. *See id*. at 559-60. That is, it matters what management lies about. For example, management lies about "marital fidelity, political persuasion, or golf handicap" would not typically "serve as a basis for a securities-fraud class action" lawsuit. *See id*. at 660. Thus, in *Greenhouse*, the Fourth Circuit found that the fact the CEO had misrepresented his educational background in publicly filed documents by lying about obtaining a college degree when he had actually skipped his final year of college was not material given the circumstances, even though it might implicate the integrity of management. *See id*. at 653. Notably, the Fourth Circuit did not hold that such lies were always immaterial, only that the specific lies before it were immaterial given the other facts of the case. *See id.* at 658 ("we do not hold as a matter of law that a key's manager's education could never be material"). In reaching its decision, the Fourth Circuit also distinguishes *Greenhouse*, where the lie was about a small detail concerning the CEO's otherwise robust education and professional experience, with *Gebhardt,* where the lie, like in the case at bar, is about the company's financial results and violations of GAAP. As the Fourth Circuit reasoned "[i]f ConAngra's leaders knowingly misrepresented their earnings, of course one byproduct might be that investors would reasonably question the integrity of the company's management." *See id*. at 659. Thus, at most,

4

*Greenhouse* stands for the proposition that not every misstatement that calls into question management's integrity is alone sufficient to establish materiality. But as discussed *supra*, all are relevant and admissible considerations.[1]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions *in limine* to exclude evidence of the importance of management integrity to investors be denied.

RESPECTFULLY SUBMITTED this 4th day of April, 2014.

JILL WESTMORELAND ROSE
ATTORNEY FOR THE UNITED STATES
PURSUANT TO 28 U.S.C. § 515

**s/ Kurt W. Meyers**
DC Bar Number: 490500
**s/ Maria K. Vento**
VA Bar Number: 45960
Assistant United States Attorneys
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202
Telephone: 704.344.6222
E-mail: Kurt.Meyers@usdoj.gov
          Maria.Vento@usdoj.gov

---

[1] Defendant's purported recitation of the evidence and argument from the first trial bares little resemblance to the record. As set forth in the Government's Opposition to Defendant's First Motion for A New Trial (Doc. No. 140), there was overwhelming evidence that Defendant's fraud was material. Nevertheless, as Defendant's incorrect shading of the record has nothing to do with issue presented in his motion, namely whether evidence of management integrity is relevant, the Government does not attempt to point out or correct the innumerable inaccuracies contained in Defendant's motion.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of April 2014, the foregoing document was served electronically through ECF filing upon Defendant at the following addresses:

David S. Rudolf, Esq.
dsrudolf@rwf-law.com

Brent J. Gurney, Esq.
Brent.gurney@wilmerhale.com

Stephen D. Councill, Esq.
scouncill@rh-law.com

                                     **/s/ Maria K. Vento**