UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00182-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | <u>ORDER</u> |
| ) | |
| MICHAEL T. RAND ) | |

**THIS MATTER** is before the Court on the defendant's Renewed Motion for Transfer of Venue, (Doc. No. 207), and related pleadings. For the reasons stated below, the motion will be denied.

I. PROCEDURAL HISTORY

The defendant was charged with alleged manipulation of financial statements of Beazer Homes USA, Inc. and obstruction of federal investigations. (Doc. No. 3: Indictment). Prior to trial, but well after the time period prescribed in Federal Rule of Criminal Procedure 21(d), the defendant moved to transfer the trial to the Northern District of Georgia, Atlanta Division, (Doc No. 51), which the government opposed, (Doc. No. 52: Response). A magistrate judge found that the motion was untimely and identified no relevant changed circumstances since arraignment. (Doc. No. 51: Order). This Court denied the defendant's objections to the magistrate judge's ruling and found that the circumstances alleged to be different did not justify the late filing or any relief. (Doc. No. 97: Order).

A jury found the defendant guilty on some, but not all, counts in the indictment. (Doc. No. 134: Verdict). The defendant sought a new trial based on a juror's independent research during deliberation, which the Court granted. (Doc. No. 198: Order). The case is now set for

trial July 7, 2014. (Doc. No. 290: Order). By the instant motion, the defendant seeks transfer of the re-trial to the Northern District of Georgia, Atlanta Division, (Doc. No. 207: Motion), which the government opposes, (Doc. No. 208: Response). With the filing of the defendant's Reply, (Doc. No. 209), this matter is ripe for disposition.

II. DISCUSSION

    A. Timeliness

The defendant argues that his renewed motion should be considered timely because it was filed within the time period set by the Court for filing pretrial motions following the granting of a new trial. (Doc. No. 209: Reply at 2). Nothing in the Court's oral order of October 7, 2013, purported to extend the deadline in Federal Rule of Criminal Procedure 21(d), which the Court previously found had expired, (Doc. No. 97: Order at 2). Therefore, the instant motion is untimely and the Court need not address the factors ordinarily considered when making a determination under Rule 21(b).

    B. Publicity

The defendant also argues that publicity prevents him from obtaining a fair trial in this district, necessitating transfer under Rule 21(a). (Doc. No. 207: Motion at 2-10). The parties chronicle the media attention paid to Beazer Homes generally and the defendant's first trial specifically. (Doc. No. 207: Motion at 3-7; Doc. No. 208: Response 3-4). The vast majority of the coverage occurred in 2007 and did not affect the first trial in 2011 as evidenced by the defendant's choice not to use all his peremptory strikes and his acquittal on several counts. The most recent cited article will have run ten months before the re-trial, dissipating any prejudicial effect over time. Thus, the Court finds that the publicity is not so inherently prejudicial that trial

proceedings must be presumed to be tainted. United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991).

Therefore, the Court will employ the customary step of voir dire to assess whether pretrial publicity has actually biased any potential jurors. Id. at 732-33. Although the defendant notes that such questioning may taint the jury pool, the Fourth Circuit has affirmed the "well established" practice of collective voir dire, particularly when paired with individual questioning in private where the need arises. Id. at 724. The parties had the opportunity to submit proposed questions which the Court will consider. (Doc. Nos. 301, 302: Proposed Voir Dire). If it appears that an impartial jury cannot be impanelled, a change of venue would then be justified. Bakker, 925 F.2d at 732.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Renewed Motion for Transfer of Venue, (Doc. No. 207), is **DENIED**.

Signed: May 16, 2014

Robert J. Conrad, Jr.
United States District Judge