UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00182-RJC-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| MICHAEL T. RAND | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss on Double Jeopardy Grounds, (Doc. No. 214), and related pleadings. For the reasons stated below, the motion will be denied.

I.  PROCEDURAL HISTORY

The defendant went to trial on an eleven count Indictment, (Doc. No. 3), containing charges of conspiracy, wire fraud, securities fraud, false statements to a bank, and obstruction of justice.[1] (Doc. No. 3: Indictment). At the close of the government's case-in-chief, the defendant moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on the basis that the government's evidence was insufficient to support a guilty verdict on any count. The Court found, in light most favorable to the government, that there was sufficient evidence that a reasonable jury could find to convict the defendant of every count, although the evidence was weaker as to Count Ten. The defendant elected not to present any evidence and the jury found him guilty of seven out of the eleven counts. (Doc. No. 134: Verdict).

The defendant subsequently filed a Motion for Judgment of Acquittal and, in the alternative, for a New Trial on the counts for which he was convicted, (Doc. No. 138), a Motion

---

[1] The government moved to strike mail fraud allegations in Count Two at the pretrial conference.

for New Trial due to Juror Misconduct, (Doc. No. 142), and a Motion for New Trial based on Newly Discovered Evidence, (Doc. No. 188). After conducting an evidentiary hearing in which it was established that a juror conducted independent research during deliberations, the Court granted the Motion for New Trial based on Juror Misconduct and found the other motions moot. (Doc. No. 198: Order).

In advance of the new trial scheduled for July 7, 2014, the defendant filed the instant Motion to Dismiss, arguing that he cannot be tried again without a ruling on the merits of his post-trial Rule 29 motion based on his constitutional protection against double jeopardy. (Doc. No. 214). With the filing of the government's Response, (Doc. No. 218), this matter is ripe for disposition.

II.     DISCUSSION

The defendant primarily relies on United States v. Greene, 834 F.2d 86, 89 (4th Cir. 1987), in which the United States Court of Appeals for the Fourth Circuit held, "If Greene was entitled to a judgment of acquittal, this right is too important to be denied review, particularly since a retrial might result in twice placing him in jeopardy for the same crime." The defendant is mistaken in his reliance on that case which addressed the jurisdiction of the appellate court to review the district court's denial of a motion for acquittal. Id. There, the government appealed the district court's grant of a new trial based on the inadvertent provision of documents not admitted during the trial to the jury during deliberation. Id. at 88. Greene cross-appealed the district court's denial of his Rule 29 motion, which is normally not reviewable prior to entry of a judgment or sentence. Id. at 89. The Fourth Circuit recognized that preventing the cross-appeal would encourage piecemeal review and subject Greene to a possibly unwarranted retrial. Id. The appellate court concluded that the circumstances qualified as an exception to the final judgment

rule and affirmed the denial of the defendant's motion for judgment of acquittal, clearing the way for a re-trial. Id.

Here, the government has not appealed the Court's decision to grant new trial based on a juror's misconduct and the defendant has not appealed the Court's denial of his Rule 29 motion at the close of the trial. Thus, Greene is inapposite, and a ruling on the post-trial Rule 29 motion, (Doc. No. 138), is not necessary to protect the defendant's double jeopardy interests because the Court has already ruled that sufficient evidence was presented at trial to enable a reasonable jury to convict him of each remaining count.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Dismiss on Double Jeopardy Grounds, (Doc. No. 214), is **DENIED**.

Signed: May 16, 2014

Robert J. Conrad, Jr.
United States District Judge