UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00182-RJC-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |

**THIS MATTER** is before the Court upon the defendant's Objections, (Doc. No. 234),[1] to a magistrate judge's denial, (Doc. No. 228: Order), of his Motion for Early Issuance of Rule 17(c) Subpoena: Specified Records from the JD Edwards System, (Doc. 215), and related pleadings. For the reasons stated below, the objections will be denied.

I.  PROCEDURAL HISTORY

The defendant went to trial on an Indictment alleging, among other things, that he directed an accounting fraud conspiracy to manipulate the books of a publicly traded company. (Doc. No. 3: Indictment at 2-3). A portion of the government's evidence related to an alleged "cookie jar accounting" scheme in which entries were made in certain accounts with the alleged intent to affect Beazer Homes USA, Inc.'s quarterly net income statements unrelated to legitimate business purposes. (Id. at 6-7). For example, Richard O'Connor, the former controller for the Virginia Division of Beazer, testified that the defendant sent an email on January 10, 2002, to "SEt (sic.) aside all the reserves you reasonably can….the quarter is too high." (Trial Tr. at 885, 949-50; Gov't Ex. 146). As a result, O'Connor made entries that day in the company's JD Edwards accounting system to increase reserves in certain accounts and reduce earnings for

---

[1] It appears that a duplicate of the Objections was filed at Document Number 236.

the quarter ending December 2001. (Trial Tr. at 950-51; Gov't Ex. 134A). The jury found the defendant guilty of counts relating to the alleged accounting scheme, (Doc. No. 134: Verdict), but the Court granted him a new trial after it was discovered that a juror conducted independent research during deliberation, (Doc. No. 198: Order).

In advance of the new trial scheduled for July 7, 2014, the defendant filed a motion, (Doc. No. 215), seeking a Federal Rule of Criminal Procedure 17(c) subpoena for all data in Beazer's JD Edwards computerized accounting system from October 1, 1998, to September 30, 2007, for seven types of accounts. (Doc. No. 215-1: Proposed Subpoena), which the government opposed, (Doc. No. 219: Response). A magistrate judge denied the motion, (Doc. No. 228), and the defendant filed the instant Objections to that ruling, (Doc. No. 234). With the filing of the government's Response, (Doc. No. 246), and the defendant's Reply, (Doc. No. 249), this matter is ripe for disposition.

II. DISCUSSION

Rule 59(a) of the Federal Rules of Criminal Procedure allows a district court to refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Here, the magistrate judge found that the defendant's request for access to potentially millions of accounting entries was a supplementary means of discovery and failed to show that the information was evidentiary or relevant as required by United States v. Nixon, 418 U.S. 638 (1974).[2] (Doc. No. 228: Order at 1-2). The government concedes that not every entry in the accounting system was fraudulent and argues that specific instances of good or lawful conduct

---

[2] A similar motion was denied prior to the first trial. (Doc. No. 101: Order).

are not admissible. (Doc. No. 246: Response at 4-5).  Although the defendant characterizes his request as seeking "specified records," he asks for all data for every account of seven types during an eight year period of a company that operated in at least twenty-one states. (Doc. No. 234: Objections at 6; Doc. No. 3: Indictment at 1).  The defendant has failed to justify his overly broad request by establishing that each of the records to be subpoenaed from Beazer are evidentiary and relevant, that he cannot properly prepare for trial without such production, and that his intent is not to conduct a general fishing expedition.  Even after seeing the government's evidence at the first trial he has not tailored his request to the entries, accounts, locations, and dates actually at issue.  Accordingly, the Court finds that the magistrate judge's ruling was not contrary to law or clearly erroneous.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Objections to Magistrate's Order Denying Rule 17(c) Subpoena for Specified Records from Beazer's Accounting Database (the JD Edwards System), (Doc. 234), is **DENIED.**

Signed: May 16, 2014

Robert J. Conrad, Jr.
United States District Judge