UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00182-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |

**THIS MATTER** is before the Court upon the defendant's Objections, (Doc. No. 245), to a magistrate judge's denial, (Doc. No. 231: Order), of his Motion for Bill of Particulars, (Doc. No. 213), and related pleadings. For the reasons stated below, the objections will be denied.

I. PROCEDURAL HISTORY

The defendant went to trial on a twenty-nine page speaking Indictment, (Doc. No. 3), containing charges of conspiracy, mail and wire fraud, securities fraud, false statements to a bank, and obstruction of justice. The government provided electronically searchable expanded discovery and, two weeks prior to trial, its witness and exhibit lists. (Doc. No. 217: Response). Even so, the defendant moved for a bill of particulars, (Doc. No. 41), which was denied by a magistrate judge and this Court, (Doc. Nos. 53, 100: Orders). At trial, the defendant filed a witness list of sixty-eight persons, (Doc. No. 116), and submitted an exhibit list of over 1,250 items. The jury found the defendant guilty of counts relating to the alleged accounting scheme and obstruction of justice, (Doc. No. 134: Verdict), but the Court granted him a new trial after it was discovered that a juror conducted independent research during deliberation, (Doc. No. 198: Order).

In advance of the new trial scheduled for July 7, 2014, the defendant filed a motion, (Doc. No. 213), seeking a bill of particulars identifying specific accounting entries and alleged co-conspirators not part of the government's proof in the first trial, but that would be part of the new trial, which the government opposed, (Doc. No. 217: Response). A magistrate judge denied the motion, (Doc. No. 231), and the defendant filed the instant Objections to that ruling, (Doc. No. 245). With the filing of the government's Response, (Doc. No. 255), this matter is ripe for disposition.

II. DISCUSSION

Rule 59(a) of the Federal Rules of Criminal Procedure allows a district court to refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Rule 7(f) of the Federal Rules of Criminal Procedure permits a court to direct the government to file a bill of particulars. Where an indictment does not provide enough information to prepare a defense, a bill of particulars may be appropriate. United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1047 (4th Cir. 1987). However, such details may also be provided through discovery. United States v. Previti, 644 F.2d 318, 319 (4th Cir. 1981); United States v. Allen's Moving and Storage, Inc., No. 90-5824, 936 F.2d 567, at *5 (4th Cir. 2001) (unpublished). Here, the magistrate judge found that the detailed Indictment and open-file discovery sufficiently advised the defendant of the charges he must confront during the re-trial. (Doc. No. 231: Order at 3). Particularly considering the government's willingness to provide the defendant its witness and exhibit lists two weeks prior to trial, (Doc. No. 217: Response at 2), this Court agrees that the defendant has been provided enough information to

prepare his defense. Accordingly, the Court finds that the magistrate judge's ruling that the motion be denied was not contrary to law or clearly erroneous.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED**, that the defendant's Objections to Magistrate's Order Denying His Motion for Bill of Particulars, (Doc. No. 245), are **DENIED.**

Signed: June 25, 2014

Robert J. Conrad, Jr.
United States District Judge