UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00182-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |

**THIS MATTER** is before the Court upon the defendant's Objections, (Doc. No. 248), to a magistrate judge's denial, (Doc. No. 228: Order), of his Motion for Early Issuance of Rule 17(c) Subpoena: Internal Audit, Internal Forecast, and Bond Status Documents, (Doc. 224), and related pleadings. For the reasons stated below, the objections will be denied.

I. PROCEDURAL HISTORY

The defendant went to trial on an Indictment alleging, among other things, that he directed an accounting fraud conspiracy to manipulate the books of a publicly traded company. (Doc. No. 3: Indictment at 2-3). A portion of the government's evidence related to an alleged "cookie jar accounting" scheme in which entries were made in certain accounts with the alleged intent to affect Beazer Homes USA, Inc.'s quarterly net income statements unrelated to legitimate business purposes. (Id. at 6-7). For example, Marilyn Andrea, the former chief financial officer for the Southern California Division of Beazer, testified that the defendant directed her to release nearly $12 million held in land development reserve accounts after a fiscal quarter closed in 2006. (Trial Tr. at 1345, 1351-60). This action, which she believed was improper, had the effect of offsetting a projected shortfall in earnings of approximately $13 million in that division. (Id. at 1360-61). The jury found the defendant guilty of counts relating

to the alleged accounting scheme, (Doc. No. 134: Verdict), but the Court granted him a new trial after it was discovered that a juror conducted independent research during deliberation, (Doc. No. 198: Order).

In advance of the new trial scheduled for July 7, 2014, the defendant filed a motion, (Doc. No. 224), seeking a Federal Rule of Criminal Procedure 17(c) subpoena for:

1. All work papers created by Beazer's internal audit group, between 1998-2007, in connection with the audit of Beazer's divisions, and audit program memoranda governing the procedures internal audit followed in conducting those audits.

2. All internal earnings forecasts prepared by John Skelton, Bruce Craig, David Weiss, Darren Dupree, and/or Marc Levine, between 2000-2007.

3. All bond status spreadsheets and communications with local governments regarding the status of bonds for subdivisions in Beazer's Southern California divisions maintained by or created by those divisions between 2000-2007.

(Doc. No. 224-1: Proposed Subpoena), which the government opposed, (Doc. No. 230: Response). A magistrate judge denied the motion, (Doc. No. 242), and the defendant filed the instant Objections to that ruling, (Doc. No. 248). With the filing of the government's Response, (Doc. No. 256), and the defendant's Reply, (Doc. No. 263), this matter is ripe for disposition.

II. DISCUSSION

Rule 59(a) of the Federal Rules of Criminal Procedure allows a district court to refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Rule 17(c) is the means by which a defendant may secure evidence in his favor by compulsory process. In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988). However, the rule "is not a discovery device." United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991). Here, the magistrate judge found that the defendant's request for access to documents in three

broad categories covering periods of up to ten years failed to identify with requisite specificity what documents were to be obtained through the subpoena. (Doc. No. 242: Order at 2). Indeed, the only particular document referenced in the pleadings is a 2006 spreadsheet of outstanding bonds for neighborhoods in Southern California, but it "was updated on a weekly basis" and "prepared and kept in each divisional office." (Doc. No. 240: Reply at 3-4 (internal quotation marks omitted)). Thus, that spreadsheet was not one document, but potentially numerous documents kept in multiple locations. Accordingly, the Court agrees that the proposed subpoena fails to specify certain documents with evidentiary value and appears to function as a discovery request.

Considering the relevance requirement, United States v. Nixon, 418 U.S. 638, 699-700 (1974), the proposed subpoena is overly broad. The gravamen of the accounting fraud allegation is the defendant's intent in allegedly directing others to make entries affecting the company earnings statements. (Doc. No. 3: Indictment at 14-15 (charging willful misleading conduct)). The defendant, however, has not shown that the requested documents of the internal audit committee's processes and conclusions are evidence of the material issues in the trial. Similarly, internal earnings projections by company employees that were not communicated by the defendant to others or shown to have an effect on his state of mind lack the relevance necessary to command their production by trial subpoena. Therefore, the defendant has failed to justify his overly broad request by establishing that each of the records to be subpoenaed from Beazer are evidentiary and relevant, that he cannot properly prepare for trial without such production, and that his intent is not to conduct a general fishing expedition. Accordingly, the Court finds that the magistrate judge's ruling was not contrary to law or clearly erroneous.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Objections to Magistrate's Order denying Motion for Early Issuance of Rule 17(c) Subpoena: Internal Audit, Internal Forecast, and Bond Status Documents, (Doc. 224), are **DENIED.**

Signed: June 25, 2014

Robert J. Conrad, Jr.
United States District Judge