UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00182-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |

**THIS MATTER** is before the Court upon the defendant's Objections, (Doc. No. 250), to a magistrate judge's denial, (Doc. No. 243: Order), of his Motion to Compel communication related to grand jury subpoena, (Doc. 222), and related pleadings. For the reasons stated below, the objections will be denied.

I.   PROCEDURAL HISTORY

The defendant went to trial on an Indictment alleging, among other things, that he destroyed or attempted to destroy e-mails after learning that Beazer Homes USA, Inc., had been served with a grand jury subpoena. (Doc. No. 3: Indictment at 7-11). The jury found the defendant guilty of counts relating to obstruction of justice, (Doc. No. 134: Verdict), but the Court granted him a new trial after it was discovered that a juror conducted independent research during deliberation, (Doc. No. 198: Order).

In advance of the new trial scheduled for July 7, 2014, the defendant filed a motion, (Doc. No. 222), seeking to compel the government to provide, pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and Federal Rule of Criminal Procedure 16(a)(1)(E)(i):

> 1. All correspondence and other communications from Beazer Homes USA, Inc. reflecting its response to a March 23, 2007 grand jury subpoena that was served on Beazer. The subpoena is the centerpiece of the obstruction of justice

      charges against Mr. Rand (*See, e.g.,* Indictment ¶¶ 43-45, Counts 6 & 11 [Doc. No. 3]);

2. All correspondence from the U.S. Attorney's Office and other records in its possession reflecting communications with Beazer concerning Beazer's response to the March 23, 2007 grand jury subpoena referred to above; and

3. To the extent that the correspondence and records requested in items 1-2 above do not identify the records produced by Beazer, records sufficient to identify the production that Beazer made in response to the March 23 subpoena.

(Doc. No. 222: Motion at 1), which the government opposed, (Doc. No. 233: Response). A magistrate judge denied the motion, (Doc. No. 243), and the defendant filed the instant Objections to that ruling, (Doc. No. 250). With the filing of the government's Response, (Doc. No. 257), and the defendant's Reply, (Doc. No. 259), this matter is ripe for disposition.

II.    DISCUSSION

Rule 59(a) of the Federal Rules of Criminal Procedure allows a district court to refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous. Having reviewed the record, the Court adopts the magistrate judge's Order, (Doc. No. 243), as it correctly applies the law to the facts in this case.

III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Objections to Magistrate's Order denying Motion to Compel, (Doc. 250), are **DENIED.**

Signed: July 3, 2014

Robert J. Conrad, Jr.
United States District Judge

2