IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CR-00182-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL T. RAND | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's post-verdict Motion for a Judgment of Acquittal, (Doc. No. 360), and the government's response in opposition, (Doc. No. 363).

In the instant motion, the defendant challenges the jury's verdict claiming there was insufficient evidence to convict him, to find venue in the Western District of North Carolina, and to satisfy the statute of limitations as to all counts. (Doc. No. 360: Motion at 1-2). "In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Penniegraft, 641 F.3d 566, 571-72 (4th Cir. 2011) (citing Jackson v. Virginia, 443 U.S. 307, 319, (1979) and United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002)). Venue must be proven by a preponderance of the evidence for each count unless waived by the defendant. United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005). Evidence regarding the statute of limitations is "taken in the light most hospitable to the verdict." United States v. Upton, 559 F.3d 3, 10 (4th Cir. 2009).

Here, the Court found at the close of the government's case-in-chief that the evidence was sufficient on each count as to guilt, venue, and the statute of limitations to deny the defendant's Rule 29 motion. (Trial Tr. Vol. VII-A at p. 1713-14, 1717-19, 1730). Following the conclusion of the trial and in consideration of the instant motion, the Court continues to find that the evidence was sufficient to support the jury's verdict on each count as to guilt, venue, and the statute of limitations.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for a Judgment of Acquittal, (Doc. No. 360), is **DENIED**.

Signed: October 27, 2014

Robert J. Conrad, Jr.
United States District Judge